## The People v. Duncan McDonald.

The carnal knowledge and abuse of a female child under the age of ten years is rape both at common law and by the statute.

An indictment charging an assault with the intent to criminally know and abuse a female child under the age of ten years, charges an assault with intent to commit rape, and under it defendant may be found guilty of a simple assault.

A child under ten years of age has no legal capacity to give consent to carnal knowledge, and her consent therefore does not waive the assault.

*Heard January 9th.    Decided January 22d.*

On exceptions from the Recorder's Court of Detroit.

The information charged the defendant that he did "in and upon one Margaret Brown, a female child under the age of ten years, to wit, of the age of seven years, unlawfully make an assault, and her the said Margaret Brown beat, wound and ill treat, with intent her the said Margaret Brown, unlawfully, feloniously and carnally to know and abuse."

There was proof that defendant was twice on a bed with the child Margaret Brown, in indecent positions, the child not objecting.

The defendant asked the court to instruct the jury among other things, that when actual consent is given, there can be no assault, and that as carnal knowledge implies assent, this waives the assault. This instruction was refused. Also that if the jury should believe the defendant twice did what he intended to do, unmolested, and that the child was unharmed, they must find the defendant did not intend to commit the crime, and must discharge him. This instruction was given, but with the qualification, that though acquitted of the main charge, he might be convicted of assault and battery. The defendant also insisted that the information charged no offense known to the law.

The jury found the defendant "guilty of an assault and battery, but not with an intent to carnally know and abuse."

THE PEOPLE v. McDONALD.

*Larned & Eddie,* for defendant:

There is no such offense known to the common law as an assault with intent to carnally know and abuse; and unless the carnal knowledge is proved, the party must be discharged;—8 *C. & P.* 531, 539; 6. *C. & P.* 368; 7 *C. & P.* 795; 9 *C. & P.* 213; 2 *C. & K.* 957; *Rosc. Cr. Ev.* 802; 1 *Russ. Cr. L.* 695.

When actual consent is given, there can be no assault, and as carnal knowledge implies consent (2 *Arch. Cr. L.* 315), this negatives the assault:—2 *Mood. C. C.* 123, 166; 9 *C. & P.* 722; *Ibid.* 215 ; 2 *C. & K.* 341.

No such offense as an assault with intent to carnally know, &c., is recognized by our statute :—*Comp. L.* § 5730. The N. Y. statute is different, and made the carnal knowledge of a female child under ten years of age rape: — 2 *R. S. of N. Y.* 820; 19 *Wend.* 201 ; 1 *Hill* 351.

*C. Upson, Attorney General,* for the People.

The carnal knowledge of a female under ten years of age was rape at the common law, the female being incapable of consent:—1 *Hale P. C.* 631; 4 *Bl. Com.* 163 (212) ; 1 *Hill* 351; 4 *Harr.* 566; 11 *Geo.* 225. And it is also made rape by the statute.

MARTIN CH. J.:

As this case comes to us upon exceptions, and not by writ of error, we can only look into those matters which do not "appear of record." The sufficiency of the information is, therefore, not before us.

Whether there is such an offense known to the common law, as an assault with intent carnally to know and abuse, or not, were it questionable, is immaterial ; for it is very obvious that there is such an offense known to our statute. Section 5730 of Comp. Laws enacts that, " if any person shall ravish and carnally know any female of the age of ten years or more, by force and against her will,

or shall unlawfully and carnally know and abuse any female child under the age of ten years, he shall be punished," &c. Both these offences are rape, as they come within the common law definition of that offense.* The distinction between them relates solely to the character and amount of proof required to convict of the offense. Force and want of consent must be satisfactorily shown in the case of carnal knowledge of a female of the age of ten years or more, but they are conclusively presumed in the case of such knowledge of a female child under that age, and no proof will be received to repel such presumption.

The next section, § 5731, which provides that "if any person shall assault *any* female with intent to commit the crime of rape, he shall be deemed a felonious assaulter," &c., had direct reference to that preceding it, and was intended to embrace assaults upon females whether of the age of ten years or more, or less. When an information therefore, charges an assault with intent to commit either offense prohibited by § 5730, and in describing the intent uses the language of such section, it charges an assault with intent to commit the crime of rape. The word "rape" has no technical value which renders its use in such case imperatively necessary, and if words be employed which describe such offense, they will be taken according to their legal import. If they charge the crime in the language employed by the statute to define rape, they will be taken to charge the crime of rape; and if they charge an assault with intent to do the act denominated rape, the construction will be the same.

As actual consent of a female child under the age of ten years can not be shown upon a trial for the crime of rape, because the law will not suffer the presumption of incapacity to consent to be repelled, or even attacked, neither, in case of a charge of assault with intent to com-

---

*See on this point *Commonwealth v. Sugland,* 4 *Gray,* 9.

THE PEOPLE v. MCDONALD.

mit such crime, can consent be shown to negative such intent, for the law will neither suffer nor consider such evidence. There can be no presumption or evidence of consent in cases in which the law declares there exists an absolute inability to consent. As there can be no such implication or evidence, so no proof of consent can be given which shall "waive the assault," and the rule laid down in the cases cited by the prisoner's counsel can only apply when consent is possible.

The jury in this case found a verdict of assault and battery, and negatived the intent charged. This they had a right to do. It is a general rule of criminal law, that a jury may acquit of the principal charge, and find the prisoner guilty of an offense of lesser grade, if contained within it. Thus, upon an indictment for murder, the jury may find a verdict of manslaughter only. So upon an indictment for an assault with intent to kill, the accused may be found guilty of an assault, or assault and battery only. Upon a charge for a felonious assault, the lesser offense of an assault, or an assault and battery, is, under our statutes, included. See *Comp. L. Chap.* 192.

There was no error in the ruling or charge of the Recorder, and judgment should be rendered upon the verdict.

The other Justices concurred.