## FIZELL vs. THE STATE.

CRIMINAL LAW.    *Form of indictment — Rape of female child under ten — Assault with intent to commit such crime — R. S. ch.* 164, *sec.* 41.

1. An indictment, after naming the state, county, court, presiding judge and term, states that "the jurors of the grand jury," etc., etc., "duly summoned, impaneled, tried, sworn, and charged," but omits before these words the words "then and there." *Held*, that it sufficiently shows *where* the jury was sworn and charged, and the bill found.

2. A clause stating that such grand jury were "inquiring in and for the county of D." is sufficient, without the words "for the body of the county."

3. The carnal knowledge and abuse of a female child under ten years of age is a rape, under the statute.

4. An indictment which alleges an assault with intent to carnally know and ravish, by force and against her will, such a child, *held* good under sec. 41; ch. 164, R. S.

ERROR to the Circuit Court for *Dodge* County.

The plaintiff in error was found guilty under an indictment found in said court, and brings this action to reverse the judgment rendered upon the verdict. The indictment was in the following form : " STATE OF WISCONSIN, COUNTY OF DODGE, *ss. :* At a term of the circuit court for the county of Dodge and state of Wisconsin, begun and held at the court-house in the village of Juneau, in the county of Dodge aforesaid, on," etc.

(specifying the time), "before the Hon D. J. Pulling, judge of the third judicial circuit in the state of Wisconsin, the jurors of the grand jury in and for the state of Wisconsin aforesaid, good and lawful men of the county of Dodge aforesaid, duly summoned, impaneled, tried, sworn and charged, inquiring in and for the county of Dodge aforesaid, on their oaths aforesaid, do present," etc. The language in which the crime is charged will be found quoted in the third paragraph of the opinion.

*E. P. Smith*, for plaintiff in error, as to the effect of omitting the words "then and there" in the caption of the indictment, cited *Thomas v. State*, 5 How. (Miss.) 20; *Fitzgerald v. State*, 4 Wis. 395. 2. As to the effect of omitting the words "body of the county," he cited 1 Burr. Law Dic., title "Corpus Comitatus;" 5 How. 452; 5 Mason, 290; *State v. Delue*, 1 Chand. 166. 3. Counsel argued that the common-law offense of rape is unknown to the law of this state; that no consequences follow the commission of a felony except those fixed by statute (*Estate of Nerac*, 35 Cal. 392); that by our statute rape is the ravishing and carnally knowing a female of the age of ten years, or more, by force and against her will (R. S., ch. 164, § 40); that force and non-consent are absolutely essential to this crime (*Hull v. State*, 22 Wis. 580), and cannot be affirmed of a child under ten (Blacks. B. 4, *212); that the indictment charges an attempt to commit a rape upon such a child, using the word "ravish," which is applicable only to that crime (Wharton's Cr. Law 402; *Gouglemann v. The People*, 3 Park. 15), and therefore charges an impossibility (*Smith v. State*, 12 Ohio St. 416; 1 Hale, 630; Dyer, 304; 3 Chitty's Cr. Law, 5th ed. 814; 1 Russ. on Crimes, 693); and that the indictment does not charge the offense created by section 40, because there should be an exact description of the statutory offense (*In re Booth*, 3 Wis. 157), and the word "ravish" is not synony-

mous with the word "abuse," which is confined to this statute.

The *Attorney General*, for the state, as to the omission of the words "then and there" in the caption, cited 1 Chitty's Cr. Law, 333; *State v. Price*, 6 Halsted, 203; *Beauchamp v. The State*, 6 Blackf. 299; *Benedict v. The State*, 12 Wis. 313. 2. As to the phrase "body of the county," he cited 4 Chand. 164; *State v. Conley*, 39 Me. 78; *Comm. v. Edwards*, 4 Gray, 3; *Comm. v. Fisher*, 7 id. 493; 1 Kansas, 448. 3. He argued that the word "rape," as used in sec. 41, ch. 164, R. S., is equally applicable to the crime described in sec. 39 or sec. 40, and that the language of the indictment was sufficient to charge an assault with intent to commit a rape, whether the female assaulted were within the age described in sec. 39, or that described in sec. 40; citing *Comm. v. Sugland*, 4 Gray, 7; *People v. McDonald*, 9 Mich. 150; *Stephen v. State*, 11 Ga. 238; 1 Hill, 351, and distinguishing the case in 12 Ohio St. 466.

COLE, J. The first objection taken to the indictment is, that it does not show, unless by mere inference, where the bill was found, or where the grand jury was sworn and charged. We suppose the more specific objection taken to the caption to be, that the words "then and there" are not inserted before the words "duly summoned, impaneled, tried, sworn and charged, inquiring in and for the county." Mr. Chitty states, in his work on Criminal Law (vol. 1, p. 334), that formerly it was considered to be necessary to prefix the words "then and there" to the word "sworn," but that they are not now usual. The caption in this case states with sufficient certainty the court before which, the judge presiding, and the place at which the indictment was found. The venire is laid in the margin of the indictment, and it would be a nicety in criminal pleadings, not certainly demanded by modern authorities, to allow this

objection to prevail. *Fitzgerald v. State*, 4 Wis. 395; *Benedict v. State*, 12 id. 313; *Beauchamp v. State*, 6 Blackf. 299; *State v. Price*, 6 Hals. (N. J.) 204; *Thomas v. The State*, 5 How. (Miss..) 20; *State v. Conley*, 39 Maine, 78.

The next objection seems to us equally untenable as the one we have just considered. It is, that it does not appear from the indictment that the grand jury were sworn and charged as a grand jury to inquire for the body of the county of Dodge, or that they were a grand jury sworn to inquire for the body of the county. The caption recites that the grand jury were sworn and charged "inquiring in and for the county of Dodge." The words "body of the county" are omitted. It is claimed that these words have a fixed legal meaning, importing or signifying the county at large, as distinguished from any particular locality within it, and that they cannot be supplied by intendment. The county of Dodge is a civil division, or a portion of the state of Wisconsin, organized as a body politic and corporate for certain judicial and political purposes; and a statement in the caption of the indictment that the grand jury were sworn to inquire "in and for the county." certainly implies that they were making inquisitions for the entire county, and not for some portion of it. Our statute provides that no indictment shall be deemed invalid by reason of any defect or imperfection in matters of form which shall not prejudice the defendant (sec. 13, ch. 179); and it must be obvious that the omission of the words "body of the county" in the caption was, at most, the merest informality, which could have prejudiced no one. The objection, therefore, must be overruled.

But the principal objection to the indictment is, that it does not set forth or charge any offense for which a conviction can be had under our statute. The indictment is evidently drawn under sec. 41, ch. 164, R. S., and charges, with proper allegations as to time and

place, that the defendant "in and upon one Ida J. Perry, then and there being, unlawfully did make an assault with an intent her the said Ida J. Perry then and there unlawfully and feloniously to carnally know and ravish by force, and against her will, he, the said Samuel Fizell, Jr., then and there being a male person of the age of sixteen years and upward, and the said Ida J. Perry being then and there a female child under the age of ten years." The argument is this : The indictment in terms charges an attempt to commit the crime of rape upon a female child under the age of ten years, which, it is claimed, is an impossibility, since force on the part of the person assaulting, and non-consent on the part of the female, are essential elements in that crime ; while, in contemplation of law, the exercise of will and discretion cannot be predicated upon the acts of a female child under ten years of age. An assault, it is said, implies force upon one side and resistance on the other, and it is a legal anomaly to charge the defendant with an assault with intent to commit rape upon a female child under ten years of age, who, in law, has neither power to resist nor assent thereto.

Our statute, however, we think fully settles all doubt as to the sufficiency of this indictment. Section 39 of ch. 164 provides, that, if any person shall ravish and carnally know any female of the age of ten years or more, by force and against her will, he shall be punished by imprisonment in the state prison not more than thirty nor less than ten years. This section, it is conceded, defines the crime of rape as at common law. The next section provides, that, if any person shall unlawfully know and abuse any female child under the age of ten years, he shall be punished by imprisonment in the state prison for life. The crime described in this section, of unlawfully knowing and abusing a female child under the age of ten years, is also rape. "If the party assaulted be above the age of ten years, then, to

constitute the offense of rape, the act must have been committed by force and against her will. But, if it be upon a child under the age of ten years, it is alike punishable under the statute, whether committed with the consent or against the will of the female child." This is the language of the supreme court of Massachusetts in *Commonwealth v. Sugland*, 4 Gray, 7, while construing a statute substantially like our own, and we have no doubt the exposition is sound and in accordance with the intention of the legislature. See also *State v. Stephen*, 11 Georgia, 226 ; and *Hays v. The People*, 1 Hill, 351. The real object of section 40 was to make the violation of a female under ten years of age a rape, punishable by imprisonment in the state prison for life, and thus remove all doubt that might have formerly existed as to whether rape could be committed upon a child under ten years of age.

The 41st section of our statute, upon which the indictment in the present case was founded, reads as follows : "If any person shall assault any female with intent to commit the crime of rape, he shall be punished by imprisonment in the state prison not more than ten years nor less than one year."

This section has direct reference to the two sections preceding it, and was designed to embrace assaults upon females, whether upon one of the age of ten years or more, or upon one under ten years of age, with the intent to commit the substantive crime. In this case the words used to describe the offense are such as would be employed to charge an assault with intent to commit a rape upon a female over ten years of age. It alleges that the assault was with an intent to "carnally know, and ravish by force and against her will," the female. And this would distinguish the case from *Smith v. State*, 12 Ohio St. 466. But we are disposed to hold that, when an indictment charges an assault with an intent to commit either offense mentioned in sections 39 and 40, and

in describing the intent uses the language of such section, it sufficiently charges an assault with intent to commit the crime of rape. This charges an assault with intent to commit the crime defined in the 39th section, and is clearly sufficient. See the case of *The People v. McDonald*, 9 Michigan, 150, which is directly in point. There is certainly no ground for saying, as the court did in *Smith v. State, supra,* that the assault was made upon a consenting party.

*By the Court.* — The judgment of the circuit court is affirmed.