THE PEOPLE v. ALBERT TENELSHOF.

*Criminal law—Assault on female child—Information—Evidence—Preliminary examination.*

1. In a prosecution for carnally knowing a girl under 14 years of age, the information charged the offense to have been committed at a certain township, on September 13, and the girl testified that the first act of intercourse was had at a barn on a certain farm in the township, on the day named. The respondent denied both the date and precise place, but admitted that he first had intercourse with the girl at the house on the same farm, in October of the same year. And it is held that it was for the jury to find whether the intercourse admitted by the respondent to have taken place was the same as that charged in the information.

92  167
102  523

92  167
117  191

92  167
142  527

2. The failure of an examining magistrate, on requiring a respondent to recognize to answer the offense charged, to certify his finding that the offense has been committed, in the absence of a request to specify the degree of such offense, will not support a motion to quash the information filed on the basis of his return.

3. An assault is involved in the offense of carnally knowing and abusing a female child under the age of 14 years, the law conclusively presuming that she is incapable of consent, and an information charging such assault in connection with the main offense is not open to objection.

Error to Kent. (Adsit, J.) Argued May 5, 1892. Decided June 10, 1892.

Respondent was convicted of carnally knowing a female child under the age of 14 years, and sentenced to imprisonment in the State prison for five years. Judgment affirmed. The facts are stated in the opinion.

*Frank G. Holmes,* for respondent.

*A. A. Ellis,* Attorney General, and *W. F. McKnight,* Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of the offense of having carnal knowledge of a female child under the age of 14 years.

The prosecution called as a witness the girl alleged to have been outraged, who testified that the offense was committed in September, 1890, in the barn on her father's place in the township of Byron, Kent county.

The respondent was called as a witness in his own behalf and testified on direct examination as follows:

"*Q.* What can you say as to whether you ever had connection with her in Goorhuis' barn?

"*A.* I don't know as I ever did.

"*Q.* What is that?

"*A.* I don't know as I ever had anything with her in the barn. I guess I didn't in the barn."

On cross-examination he testified in answer to questions as follows:

"*Q.* Now, do you mean to say that you did not go down to the barn with her?

"*A.* Because I didn't.

"*Q.* Do you mean to say that you did not?

"*A.* Yes, I mean to say that I didn't.

"*Q.* At no time?

"*A.* At no time.

"*Q.* Not in the barn?

"*A.* No, sir.

"*Q.* Did you around the barn?

"*A.* I was around the barn, yes.

"*Q.* Did you have intercourse around or near the barn?

"*A.* No, sir.

"*Q.* You did, you say, at the house?

"*A.* At the house.

"*Q.* What date was that?

"*A.* I don't remember the date.

"*Q.* Can't you state the month it was?

"*A.* It was in October.

"*Q.* How do you know?

"*A.* Because I know it was in October."

The circuit judge charged the jury as follows:

"The respondent has been sworn in this case in his own behalf, as he has the right to be. He tells you that he did have sexual intercourse with this girl, but he says that it was not on the 13th day of September, but that it was in October,—about a month later. He further tells you that that was the first time he had sexual intercourse with her. Now, in regard to that confession on his part, if you find that the occurrence which he relates as having been on the 16th of October was the same occurrence described in this information, and that the girl was at that time under fourteen years of age, that is a confession of the committing of the offense described, if you find that it was the same one, understand; but the date—whether it was the 13th of September or the 16th of October—makes no difference. All you are to consider is, was the occurrence which he says was on the 16th of October,—if you believe him instead of the girl

in that respect,—was it the same offense that the people have described in the information? If so, that is a confession of his guilt."

It is claimed that this was error, as it permitted a conviction for a different offense than that charged in the information and testified to by the prosecutrix, and counsel cites *People v. Jenness,* 5 Mich. 305. In that case the prosecution gave evidence of various acts of intercourse, one of which was fixed as having occurred at the Howard House, in Detroit, and the instructions admitted of the respondent's conviction if the jury found the offense to have been committed elsewhere in the city. The Court say, at page 329:

"There was no dispute whether that particular act of intercourse stated to have occurred at the Howard House occurred there or at some other place in the city, nor whether it occurred at a period materially different from that stated by the witness; and neither the jury nor this Court could possibly derive any other understanding from this charge than that the jury were at liberty to select among the numerous acts of intercourse in the city of Detroit, of which evidence had been given, and to find the defendant guilty of the act so selected. This was subjecting the defendant to the risk of conviction upon a great number of acts, occurring at different times and places, against which he could not be expected to be prepared to defend."

But here the facts are different. The prosecution relied, as is clearly shown by the record, upon the first act of criminal intercourse at the farm of the prosecutrix's father. She fixed the place at the barn, and the date as September 13. He denied both the date and the precise place, fixing the date as October, and the place as the house, instead of the barn. Under such circumstances, there can be no reason to doubt as to the occasion referred to. At least it was a question for the jury. It

would be a reproach to the law that a charge and evidence tending to establish that this respondent had intercourse with this child could be met by saying that "it is true; I remember the occasion you speak of; it occurred in the same jurisdiction as you charge; it was at the same farm charged; I did commit the act as charged, but under slightly different circumstances and surroundings, and at a different day, than you fix by your testimony."

It was a harmless error for the court to refer to the date as fixed by the respondent as October 16. His testimony showed that it was in October, and referred to but a single occasion. Of course the precise day is immaterial.

It is next claimed that there was no foundation for filing the information, for the reason that the justice did not certify to the circuit court his finding that the offense had been committed. The justice did require the respondent to recognize to answer the charge, and it is held that under the statute he is not required to make or certify a finding to the circuit court. *Turner v. People*, 33 Mich. 363; *Cargen v. People*, 39 Id. 549. A different question would, of course, be presented if it affirmatively appeared that the justice had refused to pass upon the question. *Yaner v. People*, 34 Mich. 286.

The information charged that the respondent did with force and arms make an assault upon the prosecutrix, she being a female child under the age of 14 years, to wit, of the age of 12 years, and her, the said prosecutrix, did carnally know and abuse. It is claimed that the information is defective, in that it introduces an element of assault, which is not included in the offense by statute. But an assault is involved in the offense. The law conclusively presumes that the female, being within the age fixed by statute, is incapable of consent,

and therefore the act is by force and arms. *People v. McDonald,* 9 Mich. 150.

The conviction is affirmed.

MORSE, C. J., LONG and GRANT, JJ., concurred.

McGRATH, J., did not sit.