## JOHN HARDIN v. THE STATE.

No. 1431. Decided June 15, 1898.

Assault With Intent to Rape a Female Under Fifteen Years of Age, Who Consents.

Notwithstanding article 633 of our Penal Code declares that it is rape to have carnal knowledge of a female under the age of 15 years, she not being the wife of the accused, whether with or without her consent, and with or without the use of force, threats or fraud, a party having carnal intercourse with such female with her consent can not be guilty of an assault with intent to rape. HENDERSON, J., dissenting

[Note.—This case has been overruled at the Austin term, 1899, in the case of Croomes v. The State.—Reporter.]

APPEAL from the District Court of Frio. Tried below before Hon. M. F. LOWE.

Appeal from a conviction for assault with intent to rape a female under 15 years of age; penalty, seven years imprisonment in the penitentiary.

The charging part of the indictment is set out in the opinion.

*John T. Bivens* and *F. H. Burmeister,* for appellant.—The appellant contends that force is a necessary element and constituent of an assault with intent to rape, regardless of the age of the injured female; a fortiori is this so when force is charged in the indictment as the means used in the commission of the offense. No assault of any kind,—simple, aggravated, assault with intent to murder, or an assault with intent to rape,—can be committed without some force or violence of some kind. Force or violence is a necessary part of the definition of an assault, hence it follows logically that without force there can be no assault, as was held by this court in Carroll v. State, 24 Texas Criminal Appeals, 366. This court said "an assault to rape is constituted by the existence of facts which bring the offense within the definition of an assault, coupled with an intention to commit rape, and such an assault can only be committed by means of force or attempted force." Again, this court said that an assault with intent to commit rape can only be committed by means of force or attempted force. There must be some sort of force or attempted force used, or the offense is not made out. Carroll v. State, 24 Texas Crim. App., 366; Burney v. State, 21 Texas Crim. App., 565; Taylor v. State, 22 Texas Crim. App., 529; Milton v. State, 23 Texas Crim. App., 204; Jones v. State, 18 Texas Crim. App., 485; Allen v. State, 36 Texas Crim. Rep., 381; Edwards v. State, 37 Texas Crim. Rep., 242.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to rape Miss Eva May Collins, and appeals.

The charging part of the indictment reads: "That John Hardin on or about the 17th day of April, 1897, in the county of Frio, then and there unlawfully in and upon Eva May Collins, a female under the age of 15 years, did make an assault with the intent then and there to commit the offense of rape, by then and there attempting by force to have carnal knowledge of her, the said Eva May Collins; the said Eva May Collins being then and there a female under the age of 15 years, and the said Eva May Collins not being then and there the wife of the said John Hardin." This indictment is sufficient if an assault with intent to rape can be committed upon a female under the age of 15 years, she consenting thereto in fact, but insufficient if consent defeats the assault. Now, then, can a person be guilty of an assault with intent to rape a girl under the age of 15 years, she consenting to what was done? We will not discuss a case in which the girl has not the capacity in fact, but one in which she does consent, and is not 15 years of age. There can be no assault without an attempt, but all attempts do not include an assault. In this case it is not necessary to discuss the difference between an assault and an attempt to commit a crime. We have an offense known as an attempt to commit rape. Article 640, Penal Code, describes this offense as follows: "If it appear, on the trial of an indictment for rape, that the offense, though not committed, was attempted by the use of any means spoken of in articles 634, 635, and 636, but not such as to bring the offense within the definition of an assault with intent to commit rape, the jury may find the defendant guilty of an attempt to commit the offense, and affix the punishment prescribed in article 608." The attempt referred to in this article falls short of an assault, but the offense of rape must be attempted by the use of some of the means named in articles 634, 635, and 636. The provisions of article 640 can not apply to a case in which the girl consents. Why? Because article 640 requires that the rape must be attempted by the force, threats, or fraud defined in articles 634, 635, and 636. Article 608 provides: "If any person shall assault a woman with intent to commit the offense of rape, he shall be punished by confinement in the penitentiary for any term of years not less than two." Article 611 provides: "An assault with intent to commit any other offense is constituted by the existence of the facts which bring the offense within the definition of an assault, coupled with an intention to commit such other offense, as of maiming, murder, rape, or robbery."

Now, then, the question: Is there an assault in attempting to have carnal knowledge of a female under the age of 15 years, she consenting; the attempt being of such a character as to constitute an assault, she not consenting? What, therefore, is an assault? To correctly understand the meaning of an assault, we must look to that which constitutes an assault and battery. Article 587, Penal Code, defines both an assault and battery and an assault. It reads: "The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself or by

words accompanying it an immediate intention, coupled with an ability
to commit a battery, is an assault." "Any attempt to commit a battery"
means any attempt to inflict unlawful violence upon the person of an-
other with intent to injure him. "Or any threatening gesture, showing
in itself or by words accompanying it," must be such as to show an inten-
tion coupled with the ability to inflict unlawful violence upon the person
of another with intent to injure him. Article 633 provides: "Rape is the
carnal knowledge of a woman without her consent, obtained by force,
threats, or fraud,  *  *  *  or the carnal knowledge of a female under
the age of 15 years, other than the wife of the person, with or without
her consent, and with or without the use of force, threats or fraud." It
is settled in this State that an assault can not be committed by mere
threats, nor can an assault to rape be committed by an attempt to have
carnal knowledge of a woman by fraud. Especially is this the case under
our statute, because fraud only applies where the woman is induced to
believe that the accused is her husband, or in administering, without her
consent, some substance producing unnatural sexual desire, or such
stupor as prevents or weakens resistance, and the offense must be com-
mitted while she is under the influence of such substance. It will be
noted further, from the provisions of this statute, that the woman must
be induced to believe that the accused was her husband, or some substance
must be administered, without her knowledge or consent, producing un-
natural desire, or such stupor as prevents or weakens resistance. In this
case the female was not imposed on by fraud; no substance was admin-
istered to her; and if it had been administered to her, with her knowledge
or consent, there would have been no fraud, under the provisions of this
statute, because it expressly provides that the substance must be admin-
istered to her without her knowledge or consent. It is insisted that she
can not consent, and therefore the party would be guilty of an attempt or
an assault, depending on the circumstances of the case; that in law she
can not consent; and that, therefore, the case would be as though she had
not consented, and resisted to the fullest extent. Back to the definition
of an assault and battery and an assault, the proposition is this: That
as the statute denounces, with a heavy penalty, carnal intercourse with
a girl under 15 years of age, the unlawful violence consists in this inter-
course, and that, therefore, any attempt to inflict this violence would
be an assault. We have very carefully examined the authorities upon this
subject, and all base the conclusions reached in the opinions upon the
theory that, as the consummated act is prohibited and denounced as a
crime, the violence consists in having carnal intercourse with the girl,
and that, as she can not consent so as to relieve the consummated act of
criminality, therefore she can not consent so as to prevent that which
would be an assault without her consent from being an assault with her
consent. The following cases support this proposition: Hays v. People,
1 Hill, 351; People v. McDonald, 9 Mich., 150; McKinny v. State, 29
Fla., 565, 10 So. Rep., 732; Davis v. State, 31 Neb., 247, 47 N. W. Rep.,
854; Territory v. Keyes, 5 Dak., 244, 38 N. W. Rep., 440; People v. Ten-

elshof, 92 Micn., 167, 52 N. W. Rep., 297; Fizell v. State, 25 Wis., 364. There are a number of other cases, no doubt holding the same doctrine as the cases cited. In Davis v. State, 31 Nebraska, 247, 47 Northwestern Reporter, 854, which seems to be the most elaborate opinion written on the subject, we find this proposition stated: "If, as all agree, it is immaterial upon a charge of committing the completed act, which includes an assault, no reason but an extremely technical one can be urged why it should not be so upon the charge of assault with intent to commit the completed act. Indeed, to speak of an assault upon her without her consent, with intent to carnally know and abuse her with her consent, seems to involve a contradiction in terms; but when it is once construed with the intention of the law to declare that the young girl shall be deemed incapable of consenting to such an act to her injury, and that evidence of any consent by her shall be incompetent in defense to an indictment thereunder, and that although she gives a formal and apparent consent, yet in law, as in reality, she gives none, because she does not and can not take in the meaning of what is done, all legal difficulty disappears, and the conclusion may be properly urged that the assault is without her consent and against her will." There are two fallacious propositions, to our minds, in this reasoning: First, we would observe that it is a dangerous thing to concede premises. Conceding premises frequently leads to very fallacious conclusions. Take this assertion: "The completed act, which includes the assault." This is begging the question. Concede this proposition, and the other follows of course,—that the assault is committed, though the girl consents, because the consummated act includes an assault. We readily concede that in all rape at common law an assault was included, but we most emphatically deny that in every case of rape in Texas assault is included. We are not discussing attempts. Another proposition, to our minds, appears incongruous and very contradictory: "And that although she gives a formal and apparent consent, yet in law, as in reality, she gives none, because she does not and can not take in the meaning of what is done." How the girl can give a formal and real consent, and yet at the same time does not consent, is incomprehensible to us. Now, it is assumed further that she can not give consent. This is in direct conflict with our statute, which provides, "the carnal knowledge of a female under the age of 15 years, * * * with or without her consent." Penal Code, art. 633. This concedes that she can consent. This statute does not say that if any person shall have carnal intercourse with a female under the age of 15 years, etc., he shall be guilty of rape; but it reads, "with or without her consent, and with or without the use of force, threats, or fraud." It is altogether immaterial, in committing the consummated act, whether the girl consented or not, or whether force, threats, or fraud were used; but that she can consent is evident from the statute itself.

The English authorities are in perfect harmony upon this subject; holding that if the girl consents, though the consummated act be a crime, yet there is no assault. See the following cases: Reg. v. Martin, 9 Car.

& P., 213, 215; Same v. Johnson, Leigh & C., 632; Same v. Read, 2 Car. & K., 957; Same v. Mehegan, 7 Cox, Cr. Cas., 145; Same v. Banks, 8 Car. & P., 574; Same v. Meredith, Id., 589. In reply to the proposition, that the girl can not consent, we desire to refer to the answer of Lord Denman to Mr. Robinson in the case of Reg. v. Read, 2 Car. & K., 957: "Mr. Robinson, for the prosecution: Suppose the case of an idiot, or a person asleep. Here he insisted that the jury find that the child had not intelligence to consent. Lord Denman replied: I hope that the courts will state their cases a little more clearly than this is stated. I think, on the evidence, that the indecent liberties were against the consent of the girl, and that the jury ought to have found the defendant guilty. But they have found by their verdict that she consented. Mr. Robinson has argued that she could not give a legal consent. But I think it is enough if she gave an actual consent.   *  .  *   *   The verdict of not guilty must be entered." George Read was convicted of an assault upon a girl 9 years of age; and the court in that case, as we have seen, held that there was no assault.

The best opinion we have read upon this subject is in the case of Smith v. State, 12 Ohio State, 466. There were three counts in the indictment. The first count charged an assault with intent to rape, and the second and third counts charged a felonious assault to carnally know and abuse the girl, being a female child under the age of 10 years. A nol pros was entered as to the first count. It will be observed that the second count did not charge that Smith, with force, threats, or fraud, made the assault with intent to carnally know the girl, nor did it allege that he intended to have carnal knowledge of her without her consent. The question was whether that count charged an offense against the laws of Ohio. The court in that case held that there was no assault, though the girl was under 10 years of age. The statute under which the prosecution was had prohibited carnal intercourse with a girl under the age of 10 years, with her consent. The Ohio statute denominated it rape. So the Smith case is directly in point.

We find this proposition laid down by Mr. McClain in his work on Criminal Law: "In those States where the offense of having carnal knowledge of a female child under the age of consent is regarded as a different crime from that of rape, the attempt to have such connection is not an assault with intent to commit rape. But where, as is the rule in most States, the connection with a female child under the age of consent is considered as rape, it is almost universally held that an attempt to have such connection is an assault with intent to commit rape; the consent of the child being wholly immaterial." McClain Crim. Law, sec. 464. In support of the first clause he cites Rhodes v. State, 1 Cold., 350; Brown v. State, 6 Baxt., 422; Hardwick v. State, 6 Lea, 103; Smith v. State, 12 Ohio St., 466. We have consulted these cases, and none of them support the proposition. The proposition stated is evident, so far as one question is concerned; that is, whether, conceding an assault, the party was guilty of an assault with intent to rape. It is evident that there

could be no assault with intent to rape, though there might be an assault, unless the consummated crime was rape. The second clause is true to this extent: That, if there be an assault, the party intending to have carnal knowledge of the female, and the consummated crime being rape, then it would be an assault with intent to rape. But whether the consummated crime be rape or not—whether it be christened or unchristened —has nothing to do with this discussion, because there can be no assault with intent to rape unless there is an assault. The opinions discussing whether there can be an assault do rely upon the fact that the consummated crime would be rape, in order to arrive at the conclusion that an assault was committed. The only question is, if the girl consents, can there, in the very nature of things, be an assault? Concede the assault, and the testimony showing the intent to have carnal intercourse, and the consummated crime being rape, then evidently it would be an assault with intent to rape. But, without an assault, the other question, whether it was with intent to rape, has no bearing on the subject.

We desire to make some observations on the subject of naming offenses. It is desirable to name all offenses, if possible to do so, consistent with the nature of the crime. By doing so the proceedings in cases will be very much abbreviated, and made more convenient. If the offense is named by the statute, bail bonds, etc., need not set forth the elements of the crime; writs containing the name of the offense will be sufficient; verdicts and judgments naming the offense will suffice. But the name given to a crime does not alter its constituent elements. Why? Because "an offense is an act or omission forbidden by positive law, and to which is annexed, on conviction, any punishment prescribed in this Code." See Penal Code, art. 53. The act or omission forbidden by positive law must be defined in plain language. See Id., art. 1. In order to ascertian what is an offense, we do not look to its name, but to the act or omission forbidden, and defined in plain language by the Code. The carnal knowledge of a woman without her consent, obtained by force, threats, or fraud, is named "rape." The carnal knowledge of a female under the age of 15 years, other than the wife of the person, with or without her consent, and with or without the use of force, threats, or fraud, is also christened "rape." But are they in fact the same offenses? They have the same name, but the name given to unlawful acts or omissions is frequently no index to the nature of the offense. We must look to the acts or omissions denounced in plain language by the Code to ascertain the character of the offense. The Legislature had the authority to give these forbidden acts just such names as it deemed proper. But by naming the carnal knowledge of a female under the age of 15 years, etc., "rape," did not make the two offenses in fact, nor in law, the same. Their elements are radically different. Rape, proper,—that which is first defined in plain language,—can not be committed with the consent of the woman; nor without force, threats, or fraud,—such force as is defined in article 634, or such threats as are described in article 635, or by the use of such fraud as is named in article 636. The rape defined in plain language—that

pertaining to the carnal knowledge of a girl under 15 years of age—has but one element in common with that first defined by the Code, which is the act of carnally knowing the woman or female. In the case of the girl, no force, no threats, no fraud is required; nor must the act be without the consent of the girl. In the first, all of these are required. There must be force, threats, or fraud, such as is described by articles 634, 635, and 636; and the act must be without the consent of the woman. The Legislature could have omitted to name this offense altogether, or could have with greater propriety christened it "adultery" or "fornication," as the case might be, and punished it as it saw fit, because the incongruity in the names, when read in the light of the elements of the respective offenses, is not so great as that between the two so-called "rapes." Now, acts and omissions can be defined in plain language,—forbidden, with punishments assessed,—without giving to them any names. Let us illustrate: "Every person with a sound memory and discretion who shall unlawfully kill any reasonable creature in being, within this State, with malice aforethought, shall be punished by death or confinement in the penitentiary not less than five years." This act constitutes an offense, to which a punishment is affixed,—as much so as if the name "murder" had been given thereto. "Every person who shall fraudulently take from the possession of the owner thereof, corporeal personal property, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person so taking, shall be punished,"—assessing the punishment. These acts would constitute larceny at common law, and theft by our Code, because they are so called. But without a name they would constitute an offense punishable just the same as if named "larceny" or "theft." Article 877, Penal Code, calls the conversion of personal property of another, when the possession thereof has been obtained by virtue of a contract of hiring or borrowing, etc., "theft." These acts did not constitute larceny at common law, nor theft under article 858. But the Legislature had the right to name that "theft" which was before, at common law and in this State nothing but a breach of trust, unless the accused intended the conversion at the time he acquired possession of the property. These illustrations will suffice to show that the name given to an offense is no index to its real elements. But, notwithstanding this, the student of law will find, by an investigation of this subject, that the illogical reasoning springs from the fact that the crime is named "rape." The carnal knowledge of a girl under the age of 15 years is denounced as a crime. The crime is named "rape." All rape includes an assault. Therefore a person can be guilty of an assault with intent to rape the girl, she consenting. Let us suppose the Legislature had seen fit to name this offense "adultery" or "fornication," as it would have had the right to have done; the argument above would have never been heard of, or seen in an opinion. We desire to add nothing further on the subject of names.

Now, in treating this question, the authorities we have read do not discuss what constitutes an assault. They assume an assault, because the consummated act is prohibited. When we turn to the English cases, and to the case of Smith v. State, supra, we find it well settled that: "To bring the case within the definition of an assault with intent to rape, there must have been not only an intent to commit a rape, but that intent must have been manifested by an assault upon the person intended to be ravished. The statute requires both ingredients, and we can not dispense with either. An assault implies force upon one side, and repulsion or want of assent upon the other. The crime of rape at common law necessarily included an assault, but the rape defined and punished by the last clause of section 5 (1 Swan & C. St., p. 404) does not require an assault." The learned judge in the Smith Case refers to an act of the Legislature prohibiting carnal intercourse with a girl under 10 years of age, which reads: "If any male person of the age of 17 years, and upward, shall carnally know and abuse any female child under the age of 10 years, with her consent, every such person so offending, shall be deemed guilty of a rape, and, upon conviction thereof, shall be imprisoned in the penitentiary," etc. Now, it must be borne in mind that we have no common law offense in this State. No act or omission, however hurtful or immoral in its tendency, is punishable as a crime in Texas unless such act or omission is specifically enjoined or prohibited by the statute laws of this State. The Legislature has declared that if a person shall have carnal intercourse with a girl under 15 years of age, with or without her consent, he shall be punished. This is very clear and explicit. The act punishes the consummated offense. It does nothing else. It says nothing about an assault with intent to rape, the girl consenting. In order to convict appellant, we must rely upon the provision of the statute which punishes an assault with intent to rape. When we consult that statute, and other statutes upon the subject, we are led inevitably to the conclusion that it had reference to rape by force. Why could not the Legislature prohibit the consummated act, without intending to punish for an attempt to commit the act? In other words, we are of opinion that the Legislature simply desired to punish the completed act, and nothing more. Let us suppose that the age of consent is raised to 18 or 20 years; if we are wrong in our contention, and the reasoning of the opinions, holding that there is an assault, the girl consenting, is correct, then we do not look to the nature and elements of an assault, but we look simply to the age of the girl. To-day it would not be contended for a moment that a person could be guilty of an assault upon a girl over 15 years of age, she consenting. To-morrow, if the age is elevated, by the principles enunciated in some of these opinions supporting an adverse view, it would be held that there was an assault. We can not agree to such a doctrine. Such a method of making crimes is unknown in Texas, because "the design of enacting our Code is to define in plain language every offense against the laws of this State, and to affix to each offense its proper punishment." This is the

first article of our Penal Code. Assault and battery imply violence and force upon one side, and objections, repulsions, or want of consent on the other. Now, we have that which was not an assault, containing no elements of an assault, declared so by all authorities, made an assault simply by prohibiting carnal intercourse with a girl under 15 years of age, she consenting. But before this statute was enacted, elevating the age of consent to 15 years, all agree that there would have been no assault, the girl consenting, in doing the very acts for which the accused is now convicted of an assault. This is not defining the offense in plain language; it is evolving offenses by construction; and we can not agree to such a method of manufacturing offenses in Texas.

Let us extend this doctrine: The strength of the opposite side of this question consists, as we have stated above, in this proposition: That as the law prohibits, denounces, and punishes the completed act of carnal intercourse, the violence consists in the carnal intercourse, and that, therefore, an attempt, constituting an assault without consent, would be an assault with consent, because the girl can not, in law, consent. We have seen that this principle has been applied to cases in which the accused was charged with assault with intent to rape females under a certain age. It was applied in England, in the lower court, to cases in which the law prohibited intercourse with a girl between 10 and 12 years of age; but when the cases reached the high courts of England the judgments were invariably reversed, if the girl consented, because there was no assault. Now, if the theory above stated be correct, whenever a party attempts to do that which is prohibited upon the person of another he would be guilty of an assault. Take the case of incest. The law is emphatic, and denounces, in clear and unmistakable terms, carnal intercourse between persons bearing certain relations one to the other. Suppose there was an attempt, both parties consenting. Who would contend for a moment that such an attempt would be an assault? Take the case of adultery or fornication. The law denounces the consummated act. Suppose A and B are charged with adultery. They are both consenting, but the act is not consummated. They are both willing to consummate the act,—perhaps in bed together, fondling one another,—but are interrupted. Why not hold that they would be guilty of an assault to commit adultery or fornication, as the case may be? Take the case of seduction. Both parties are willing, but the act is not consummated, but the parties approach near enough thereto to be guilty of an assault, if such a thing could be possible. Whoever heard of an assault with intent to seduce a woman? So with kidnaping a person under 17 years of age, such person consenting, and abducting a female under the age of 14 years, she consenting thereto. Now, while it would be abduction whether she consented or not, an attempt to consummate the crime would be an assault, if the proposition upon which rest all of the authorities holding adversely be correct. Now, in all these cases the law is as emphatic in the denunciation of the completed act as in the case of carnal knowledge of a girl un-

der 15 years of age. These illustrations demonstrate the utter inconsistency of the proposition; and, as we have before stated, it would never be supposed for a moment that a party could be guilty of assault to commit abduction, kidnaping, fornication, adultery, incest, or seduction, the female consenting. Suppose the party (an adult male) be charged with aggravated assault upon a female, and the proof shows that the female consented to all that was done. The accused would insist upon the defense that the female consented. The State would reply that she could not consent. Why? Because the law prohibits, with a penalty, the completed act. "Thou shalt not commit adultery" is our law, as well as the law of the Bible. Incest is prohibited, seduction is prohibited, and so are kidnaping and abduction, in just as strong language as carnal knowledge of a girl under 15 years of age, with or without her consent. If we hold, therefore, that there is an assault, the girl consenting, we would be bound to sustain every conviction of an assault, the attempt being to seduce, to commit incest, adultery, fornication, kidnaping, or abduction, whether consenting or not; for as they can not consent, in law, under the reasoning of the adverse cases, the case would stand as if they resisted to the fullest extent. We have no such an offense as an assault with intent to commit seduction, fornication, adultery, abduction, or incest. But we have an offense known as an assault and battery and an assault. Let us take incest. A is on trial for an aggravated assault and battery. A is an adult male; B, the woman, is a daughter of A. The proof shows that they were both willing to have sexual intercourse with each other. They were in bed with one another. A was attempting to penetrate the woman, but was prevented, not by the woman, but some other cause. Under this state of facts, A contends that there was no assault, because the woman was consenting. The State replies that she could not consent, that her consent would not prevent the completed act from being a felony, that the law prohibited her consent, and that if the act had been consummated, she consenting thereto, she would be guilty of a felony. The completed act of incest being forbidden, in plain language, with punishment annexed, and A committing acts constituting an assault and battery, his daughter not consenting thereto, why is A not guilty of an aggravated assault and battery, she consenting? · And why would not the daughter be guilty of simple assault and battery upon her father, for he could not consent? We have made this illustration for the purpose of demonstrating the fallacy of the position upon which rests the conclusion reached by the cases adverse to the views we have taken of the question under discussion. We would suggest to the Legislature the propriety of passing a law making an attempt to have carnal knowledge of a female under the age of 15 years, with her consent, a crime. We are of opinion that the judgment should be reversed and the prosecution dismissed, and it is so ordered.

*Reversed and dismissed.*

June 28, 1898.

HENDERSON, JUDGE (Dissenting).—The opinion of the majority of the court asserts the proposition that we have no law on our statute books authorizing a conviction for an assault with intent to rape upon a female under the age of 15 years, she consenting. To this proposition I can not assent. As I understand the opinion, it is predicated upon the idea that this offense is not defined by our statutes. I heartily agree with my brethren that there can be no offense, except it is defined in the Penal Code, yet I believe that the Code does define this offense. I quote those portions of our statute (Penal Code) bearing on this subject: Article 633 reads: "Rape is the carnal knowledge of a woman without her consent, obtained by force, threats, or fraud, * * * or the carnal knowledge of a female under the age of 15 years, other than the wife of the person, with or without her consent, and with or without the use of force, threats, or fraud." Article 634: "The definition of 'force' as applicable to assault and battery, applies to the crime of rape, and it must have been such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties, and other circumstances of the case." Article 608: "If any person shall assault a woman with intent to commit the offense of rape, he shall be punished," etc. Article 587 defines assault and battery as follows: "The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or a threatening gesture showing in itself or by words accompanying it an immediate intention, coupled with an ability to commit a battery, is an assault." These, I believe, are all the statutes necessary to be quoted in order to properly understand this question.

It is conceded that, if the force used would constitute an assault, then this offense could be made out under our statute; but it is insisted that the assault can not be made upon a person consenting. We are cited to McClain on this subject; and it is said that while the text of this writer (volume 1, section 464) states the doctrine that the majority of the courts of the American States hold that an assault with intent to rape can be committed on a female under the age of consent, she consenting, yet that the authorities cited do not sustain him. I have examined those authorities, and I can not give my assent to this statement. In order to present the doctrine as stated by McClain clearly, I will quote so much of said section 464 as refers to this subject: "The general rule applicable in other assaults is applicable here, that there can be no assault where the party complaining was assenting to what was proposed. In England this doctrine has been applied also to cases of attempt to have carnal knowledge of a female child under the age of consent, it being considered that although, by statute, such connection is criminal, without regard to the consent of the child, yet that the consent negatives the element of assault. Therefore, in England, where, the age of consent being fixed at 10

years, but the age of puberty being recognized as 12 years in the case of a female, the connection with a female child between the ages of 10 and 12 by consent was neither rape nor carnal abuse of a female child, but a misdemeanor only, the attempt to commit such misdemeanor was not punishable as an assault;" citing Reg. v. Martin, 9 Car. & P., 213; Same v. Johnson, Leigh & C., 632; Same v. Beale, L. R. 1 Crown Cas., 10. "This doctrine is recognized in some of the States of the Union, and consent, even of a child, will prevent the attempt to have carnal connection with her from being an assault, although the completed act would be criminal;" citing State v. Pickett, 11 Nev., 255; Whitcher v. State, 2 Wash. St., 286, 26 Pac. Rep., 268. "In those States where the offense of having carnal knowledge of a female child under the age of consent is regarded as a different crime from that of rape, the attempt to have such connection is not an assault with intent to commit rape;" citing Rhodes v. State, 1 Cold., 350; Brown v. State, 6 Baxt., 422; Hardwick v. State, 6 Lea, 103; Smith v. State, 12 Ohio St., 466. "But where, as is the rule in most States, the connection with a female child under the age of consent is considered as rape, it is almost universally held that an attempt to have such connection is an assault with intent to commit rape; the consent of the child being wholly immaterial. In such a case, according to other authorities, the doctrine that a child under the age of consent can not give a valid assent to an act of intercourse is applicable also to the assault;" citing People v. McDonald, 9 Mich., 150; Fizell v. State, 25 Wis., 364; State v. Meinhart, 73 Mo., 562; State v. Wheat, 63 Vt., 673, 22 Atl., 720; Davis v. State, 31 Neb., 247, 47 N. W. Rep., 854; Murphy v. State, 120 Ind., 115, 22 N. E. Rep., 106; State v. Newton, 44 Iowa, 45; Territory v. Keyes, 5 Dak., 244, 38 N. W. Rep., 440; State v. Johnston, 76 N. C., 209; Glover v. Com., 86 Va., 382, 10 S. E. Rep., 420; McKinny v. State, 29 Fla., 565, 10 So. Rep., 732. To these I add State v. West, 39 Minn., 321, 40 N. W. Rep., 249; Hays v. People, 1 Hill, 351.

It occurs to me that the above is a fair statement of the propositions, and the authorities thereunder are accurately marshaled. It is shown therefrom that where the statutes of the various States make the completed offense of carnal intercourse with a female child under the age of consent rape, whether she consents or not, a vast majority of the American courts hold that an attempt to have intercourse with such female constitutes an assault, although she gives her assent, on the ground that she is incapable of giving such assent. Against these are marshaled authorities from only four States. However, we are referred to a number of English authorities which hold the contrary doctrine. I might reply to this, in the language of the Cline Case, "that what of the common law we have is by adoption, not by inheritance, and its standing with us is solely by legislative enactment" (36 Texas Criminal Reports, 348), or at least I prefer to invoke the rules of construction applied to similar statutory provisions as enunciated by the courts of last resort of our sister States, especially when those rules appear to me in consonance with right reason.

But, outside of authority, I propose to meet the argument of the venerable presiding judge who wrote the opinion. He says: "The only question is, if the girl consents, can there, in the very nature of things, be an assault? Concede the assault, and testimony showing the intent to have carnal intercourse, and the consummated crime being rape, then evidently it would be an assault with intent to rape; but, without an assault, the other question, whether it was with intent to rape, has no bearing on the subject." And again: "Assault and battery imply violence and force upon one side, and objections, repulsions, or want of consent on the other." Now, Mr. Bishop, for whom by brother has great partiality, does not agree with this contention. He says: "Private persons can not license crimes, and it is no excuse for the wrongdoer that he had anybody's permission." 1 Bish. New Cr. Law, sec. 258. And again, in treating of consent unduly obtained, he says: "If in this case the consent is obtained through fraud, or if the person, from tender years or other cause, is incapable of consenting, the law deems that there was no consent." Sec. 261, subdiv. 1. And, speaking of consent obtained by fraud, the same author says: "Still the carnal act, under these circumstances, is in law an assault." Id., subdiv. 2. In volume 2, section 1120, he says: "That force must be actual or constructive in rape. And wherever there is a carnal connection, and no consent in fact, fraudulently obtained or otherwise, there is in the act itself all the force which the law demands as an element in this crime." And then he goes on to apply this rule to women idiotic, or rendered unconscious from drink. In all these cases the question of consent vel non is discussed; and we can see no difference between consent under such circumstances, and where the female is incapacitated from consenting on account of nonage. In section 1124 he goes so far as to say: "If the girl is very young, and not enlightened on the question, the judge and jury will demand less clear opposition than in the case of an older and intelligent female, or even convict where there is no apparent opposition."

This question of whether or not, in this character of case, an assault has been committed on the girl under the age of consent,—she giving her assent to what was done,—has been before the courts of a number of States. In Hays v. People, supra, it was said "that, the assent of such an infant being void as to the principal crime, it is equally so in respect to the incipient advances of the offender. That the infant consented to, or even aided in, the prisoner's attempt, can not, therefore, as in the case of an adult, be alleged in his favor, any more than if he had consummated his purpose. The case submitted to the jury was that of a man, having another in his power and within reach, threatening and exerting the means to accomplish meditated violence upon her person. This is clearly an assault, within all the authorities. An assault is defined by these to be an attempt, with force or violence, to do a corporal injury to another, and may consist of any act, tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability of using actual violence against the person." In Mur-

phy v. State, 120 Indiana, 115, 22 Northeastern Reporter, 106, the court says: "Whenever sexual intercourse is attempted with a female under 12 years of age, whether with or without her consent, there exists a felonious intent on the part of the male; and if the attempt miscarried, but in what there is done there is a touching of the person of a female, it is an unlawful touching in a rude and insolent manner, and constitutes an assault and battery, and with a felonious intent which is present, and is an assault and battery with intent to commit a felony." In Territory v. Keyes, 5 Dakota, 246, 250, 38 Northwestern Reporter, 440, 441, this is the language: "It was not necessary to allege that the assault was without the consent of the prosecuting witness, for the reason she was under the age of 10 years, and, in law, could not consent. It was not necessary to allege that the act was done with force; for the assault being charged, and the female being under the age of 10 years, force is necessarily implied. It is not necessary to set out in the indictment more than the ultimate facts to be proven," etc. And again: "The question here involved has frequently been before the courts of England and this country, and, while the English courts have almost uniformly held that consent is no defense to the substantive crime when the child is under the age of 10 years, it must be stated that those courts, prior to the Act of Parliament in 1880, almost invariably held that consent of such child is a good defense to the charge of assault with intent to commit the crime. As to the principal crime the decisions of the courts of this country are in harmony with those of England, but as to the incipient crime there is a decided conflict. The difference of opinion in the courts upon this question has arisen from the different answers given by the respective courts to the following question: Can there be an assault, as a matter of law, when there is a formal consent, and the substantive crime is not accomplished? When it is remembered that the completed offense is but a continuation or aggravation of the felonious assault, in law, and it being conceded by all that, when accomplished, the child's consent does not eradicate the assault, in law, by what principle of law, logic, or reason can it be maintained that such consent eradicates the assault, in law, as to the incipient crime? Though the child formally and apparently consent,—nay, even though she solicited the act,—yet in reality, and in law, it is not consent. Therefore, we think that the trial court was right in excluding the evidence as to whether or not the child consented, and that there was no error in the charge of the court upon the question of consent." The same question has been before the courts of this State, and the decisions of this court harmonize with the authorities above cited. See Hill v. State, 37 Texas Crim. Rep., 279; Allen v. State, 36 Texas Crim. Rep., 381; Callison v. State, 37 Texas Crim. Rep., 211; Edwards v. State, 37 Texas Crim. Rep., 242. The last case was by the learned judge who wrote the opinion in this case; and I would say, in this connection that, if the rule now laid down is the law, it is unfortunate for these convicted persons that it was not ascertained sooner. Our statute, in defining an assault or an assault and battery, nowhere uses the language that the act must

be done without the consent of the assaulted party; and I take it that it will not be seriously contended that, as to the graver grades of assault, consent would strip the case of its criminality. See King v. State, 4 Texas Crim. App., 54. Nor do I believe, under the definition of assault and battery as contained in our Code, that one person could consent for another to whip him, and that it would be a good defense to the charge if the party had given his consent. But I am speaking of cases now in which the party was capable of exercising a volition, and of choosing whether he would or not. I am not speaking of one whom the law considers non compos,—incapable under any circumstances of giving consent to the act; that is, the completed act. Let me illustrate: Suppose a child 4 or 5 years of age consent for a party to have carnal intercourse with her. He lays her down upon the ground, with her consent. He raises her clothes. He pulls his pants down, and takes out his penis, and is over the child, and is evidently about to copulate with her. He is detected. Here we have all the incipient elements of rape, but we have not the completed act. But it is said that there is no offense, because the child was consenting to what was done; that is, consenting to what I insist is an assault, because she had no will power to submit to what was done. But let me go a step further with this illustration: Suppose that, in order to penetrate his victim, he should take his hands and fingers, and lay hold of the parts of the child to effect an entrance, and he lacerated and tore her. In the supposed case he has not used his penis, and, of course, there would be no rape. But would it be seriously contended that, because she assented to what was done, there was no assault? But it is said that she did not consent for him to tear her with his fingers. I reply that the child had given her consent to the assault, and the fact that he used more force than she expected him to use would be no answer to the proposition. According to the doctrine laid down by the majority of the court, she had consented to the use of force, and therefore there could be no assault. On the contrary, I maintain that he committed an assault upon the child from the beginning, simply because she could not yield her consent to what was being done.

Now, let me recur for a moment to our statute. In an assault with intent to rape, the same character of force must be used as is used in the crime of rape. This force must be applicable to an assault and battery, and such as might reasonably be supposed sufficient to overcome resistance; taking into consideration the relative strength of the parties, and all the other circumstances of the case. The doing of any violence to the person of another, with intent to injure (even the laying of one's hands upon the person with such intent), is, under our law, an assault and battery. The intent here is to have carnal intercourse with the child; consequently, to injure her. The completed crime, all concede, would be rape, under our statute; but it is claimed that, because the child consents that the carnal intercourse should take place, none of the incipient stages, short of the consummated act, would be an assault, no matter how much violence was used, short of the consummated act of in-

tercourse. This doctrine, to my mind, is not only unsound, but is dangerous. Of course, there must be force used, and the same kind of force as is used in an assault or an assault and battery; and this must be sufficient to overcome resistance, taking into consideration the relative strength of the parties, and other circumstances of the case. Now, what other circumstances of the case? Evidently, that the assaulting party was a strong, vigorous man, and that the prosecutrix was a helpless child, ignorant, having no mind as to the enormity of the offense, and incapable of yielding her consent. Under such circumstances, I insist that when an adult male person takes hold of a child, and lays her down, pulls up her clothes, gets on top of her, and is making preparation to penetrate her female organ with his male organ, and is interrupted before the accomplishment of his purpose, he is guilty of an assault with intent to rape. The acts indicated are all acts of force,—the same character of force used in an assault and battery,—and constitute, on the part of the assailant, all of the elements of an assault and battery; and the fact that she yielded her assent is immaterial, as she could not consent to the assault on her. The views expressed by the court, if logically carried out, might leave the assaulted party, under such circumstances, guilty of an attempt to rape, under our statute, inasmuch as it is provided that in an attempt to commit a rape there must be the same character of force used, but it must fall short of an assault. But in Warren v .State, 38 Texas Criminal Reports, 152, the learned judge who wrote the opinion in this case held that there could be no such thing as an attempt to commit a rape, where the party was under the age of consent, and yielded her consent to what was being done. So, under the doctrine laid down in these two cases, it is now no offense to attempt to have intercourse with a child of immature years, nor can such a child be assaulted with that intent; that is, where she consents. While the opinion of the majority of the court is very able,—bringing out in full measure the strength of the position,—I can not bring my mind to believe that there is no law on our statute books for the punishment of such offenders. On the contrary, it appears to me that the attempt is here to construe away the law, and to create a hiatus where there is none. I agree with the American authorities on this subject, because I believe them sound, and in consonance with a proper construction of our statutes.