**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 19, 2005**

**PEOPLE OF THE STATE OF MICHIGAN,**

   **Plaintiff-Appellant,**

**v**                                              **No. 126756**

**KIMBERLY STARKS,**

   **Defendant-Appellee.**

_____

**BEFORE THE ENTIRE BENCH**

**WEAVER, J.**

   The issue presented is whether the prosecution presented sufficient evidence in this case to establish criminal assault and thus bind defendant over on the charge of assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1). The district court dismissed the charge against defendant, and the circuit court affirmed. On remand from this Court for consideration as on leave granted, the Court of Appeals also affirmed. We reverse the dismissal of the charge against defendant, concluding that the prosecution

presented sufficient evidence to bind defendant over on the charge of assault with intent to commit criminal sexual conduct involving sexual penetration.

An assault may be established by showing that one has attempted an intentional, unconsented, and harmful or offensive touching of a person. The evidence presented at the preliminary examination suggests that after defendant sent another person out of the room and closed the automatically locking door to that room, she asked the complainant whether he wanted her to perform fellatio on him, instructed the complainant to remove his pants, and was observed bending over in front of the complainant, who had unzipped and unbuttoned his pants at the defendant's request, less than two feet from him. The complainant testified that defendant was about to commit fellatio when another employee entered the room and that when that employee entered the room, defendant pretended to put clothes in the washing machine. Thus, the evidence presented suggests more than mere preparation to commit the act; it suggests a great degree of proximity to the completed act.

Further, we reject the argument that the complainant could consent to the act and overrule the incorrect conclusion in *People v Worrell,* 417 Mich 617; 340 NW2d 612

(1983), that consent is always a defense to the crime of assault with intent to commit criminal sexual conduct involving sexual penetration. The complainant, who was thirteen years old at the time of the incident, could not consent to an act of fellatio. Because a thirteen-year-old child cannot consent to sexual penetration, consent by such a victim is not a defense to the crime of assault with intent to commit criminal sexual conduct involving sexual penetration.

Therefore, there was probable cause to believe that defendant committed assault with intent to commit criminal sexual conduct involving sexual penetration and defendant should have been bound over on the charge. We remand this case to the circuit court with the instruction that the circuit court remand this case to the district court for proceedings consistent with this opinion.

I

Defendant was charged with assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1), following an incident at the Pause Program at Herman Kiefer Hospital, a detention facility for delinquent boys. Defendant was an employee of

3

the program. The complainant was a resident of the program and was thirteen years old at the time of the incident.[1]

At the preliminary examination, the complainant testified that he and another boy were in the laundry room with defendant doing laundry. Donavonne Manigault, another employee of the program, testified that the laundry room door locked automatically when it was shut. Manigault further explained that the door to the laundry room was kept open if laundry was "being done, or something like that," and was kept closed at any other times so that residents would not have access to the room.

The complainant testified that defendant asked the other boy to leave the laundry room and then closed the door behind him. She then asked the complainant whether he would like her to perform fellatio on him like she had on another resident in the program[2] and told him to pull down his pants. The complainant complied, unbuckling his belt and undoing his pants. The complainant stated that as defendant was about to perform fellatio, Manigault opened

_____

[1] The incident occurred on June 30, 2001. The complainant was born on February 19, 1988.

[2] The complainant testified that he had observed defendant perform fellatio on another resident of the program in that resident's room.

4

the door and interrupted them. Defendant then began yelling at the complainant, acting as if the complainant had done something to her, and tried to look as though she were putting clothes in the washing machine.

Manigault testified that after taking a break from the floor, he returned and noticed that defendant was not on the floor, so he began looking for her. When he approached the laundry room door, it was shut and locked. Manigault used his key to open the door and, when he entered the laundry room, he saw defendant bending over in front of the washing machine and the complainant standing behind her less than two feet away. He stated that the complainant's belt was unbuckled, his pants were unbuttoned and unzipped, and the complainant was holding his pants up so that they would not fall down.

After hearing the testimony offered by the complainant and Manigault, the district court refused to bind defendant over on the charge, finding that there was not probable cause to believe a crime was committed. The district court explained that there was not evidence that the complainant had been placed in fear of any battery and therefore dismissed the charge.

The prosecutor appealed, and the circuit court affirmed the dismissal of the charge. The circuit court

reasoned that there was no evidence that defendant touched the complainant or threatened him with violence or force and that there was no overt act done in perpetration of the alleged crime. Therefore, there was not probable cause concerning the assault element.

The prosecutor appealed to the Court of Appeals, which initially denied leave to appeal. But this Court remanded the case to the Court of Appeals for consideration as on leave granted.[3] On remand, the Court of Appeals affirmed the dismissal of the charge.[4] In determining whether defendant committed an assault, the Court of Appeals stated:

> The evidence showed that after arranging to be alone with a thirteen-year-old boy, defendant offered to perform fellatio on him and told him to pull down his pants, which he started to do. Defendant did not expressly threaten to harm the boy; there is no evidence that she made any threatening gestures; the boy gave no indication that he was apprehensive of being injured or harmed in any way or that he was complying with defendant's plan against his will. Although this evidence may have established probable cause to believe defendant attempted to commit criminal sexual conduct, MCL 750.92; *Worrell, supra*, that was not the charge the prosecutor sought to bind over to circuit court for trial. The evidence

---

[3] 467 Mich 889 (2002).

[4] *People v Starks,* unpublished opinion per curiam of the Court of Appeals, issued June 22, 2004 (Docket No. 244478).

6

presented at the preliminary examination failed to establish probable cause to believe that defendant committed an assault. Therefore, the district court did not err in dismissing that charge, and the circuit court properly affirmed that ruling.

But despite its ruling, the Court of Appeals urged this Court to reexamine and overrule the *Worrell* decision because it believed that Justice Boyle's dissent in *Worrell* offered the better analysis. The Court of Appeals agreed with Justice Boyle that "the complainant's consent, or lack of consent, is not germane in a prosecution for assault with intent to commit criminal sexual conduct involving penetration with a child under the age of sixteen."

The prosecutor sought leave to appeal, and this Court granted leave to appeal, instructing the parties to include among the issues briefed

whether *People v Worrell,* 417 Mich 617 (1983), was properly decided, and whether the prosecution presented sufficient evidence in this case to establish a criminal assault and to bind over defendant on the charge of assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1). [471 Mich 904 (2004).]

II

A trial court's decision whether to bind a defendant over for trial is reviewed for an abuse of discretion. *People v Stone,* 463 Mich 558, 561; 621 NW2d 702 (2001). "A magistrate has a duty to bind over a defendant for trial if

7

it appears that a felony has been committed and there is probable cause to believe that the defendant committed the felony." *Id.,* citing MCL 766.13.[5]

MCL 750.520g(1) provides that "[a]ssault with intent to commit criminal sexual conduct involving sexual penetration shall be a felony punishable by imprisonment for not more than 10 years." The elements of the crime are "(1) an assault, and (2) an intent to commit [criminal sexual conduct] involving sexual penetration." *People v Nickens,* 470 Mich 622, 627; 685 NW2d 657 (2004). It is the first element that is disputed in the present case.

An assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery. *Id.* at 628. The first type of assault is characterized as "attempted-battery assault"; the second is characterized as "apprehension-type assault." *Id.* Battery has been defined as "'an intentional, unconsented

---

[5] In this case, the magistrate was bound by this Court's decision in *People v Worrell*. Under *Worrell*, the magistrate may not have abused his discretion in refusing to bind defendant over. But as will be explained, *Worrell* was wrongly decided. Because we overrule that decision, it does not bar binding defendant over on the charge of assault with intent to commit criminal sexual conduct involving sexual penetration.

and harmful or offensive touching of the person of another, or of something closely connected with the person.'" *Id.,* quoting *People v Reeves,* 458 Mich 236, 240 n 4; 580 NW2d 433 (1998). The use of force against a person is not considered a battery if the recipient consents to what is done. *Nickens, supra* at 630. But the consent cannot be coerced or fraudulently obtained, must be given by one who is legally capable of consenting to such a deed, and cannot "'relate to a matter as to which consent will not be recognized as a matter of law.'" *Id.,* quoting Perkins & Boyce, Criminal Law (3d ed), p 154. Thus, when one attempts an intentional, unconsented, and harmful or offensive touching of a person, one has committed an assault.

In *Worrell, supra* at 622, this Court concluded that consent is always a defense to assault with intent to commit criminal sexual conduct, reasoning that "[i]f the other person is a willing partner to the physical act, there can be no assault because there is no reasonable apprehension of immediate injury." We disagree.

As explained in *Nickens,* one is guilty of an assault when one attempts an intentional, unconsented, and harmful or offensive touching. Moreover, consent must be given by one who is legally capable of giving consent to the act.

9

*Nickens, supra* at 630.  MCL 750.520d(1)(a) states that a person is guilty of third-degree criminal sexual conduct if the person engages in sexual penetration with another person and that person is at least thirteen but younger than sixteen years old.[6]  Accordingly, a thirteen-year-old child cannot legally consent to sexual penetration with another person because sexual penetration of a thirteen-year-old child is automatically third-degree criminal sexual conduct.[7]  Therefore, the complainant in this case, who was thirteen years old, could not consent to the attempted touching in this case—fellatio—and defendant's attempt to commit fellatio, if proven, would amount to an attempt to commit an intentional, *unconsented*, and harmful or offensive touching, which, by definition, is an assault. As noted by Justice Boyle in her dissent in *Worrell:*

> [I]n the case of a victim under 16 years of
> age and [at least] 13 years of age[,] the
> elements of assault with intent to commit third-
> degree criminal sexual conduct may be made out by

---

[6] MCL 750.520b(1)(b)(iii) states that a person is guilty of first-degree criminal sexual conduct if he or she engages in sexual penetration with another person, that person is at least thirteen but younger than sixteen years old, and the actor is in a position of authority over the victim and uses this authority to coerce the victim to submit.

[7] And it could be first-degree criminal sexual conduct if other factors are present.

evidence sufficient to permit the factfinder to conclude that the defendant had the specific intent to commit sexual penetration, and that a showing of force or coercion is not required in the case of an underage victim. If force or coercion were necessary elements of the offense in the case of an underage victim, then the young victim would have no greater protection from sexual assaults than an adult victim. We believe this result to be inconsistent with the criminal sexual conduct act's provisions which provide greater protection from sexual conduct for persons under 16 years of age. [*Worrell, supra* at 633.]

Therefore, *Worrell's* incorrect conclusion that consent is always a defense to the crime of assault with intent to commit criminal sexual conduct involving sexual penetration is overruled.[8]

---

[8] See also *People v McDonald,* 9 Mich 150, 152-153 (1861)(consent does not negate assault with intent to commit rape), and *People v Goulette,* 82 Mich 36, 39; 45 NW 1124 (1890) (the victim's own acts would form no justification for the defendant to assault her with intent to violate her person because the victim was under the age of consent).

As recently noted, the doctrine of stare decisis is not applied mechanically to prevent this Court from overruling previous decisions that are erroneous. Although we overrule precedent with caution, we may overrule a prior decision when we are certain that it was wrongly decided and "'"less injury will result from overruling it than from following it."'" *People v Davis,* 472 Mich 156, 168 n 19; 695 NW2d 45 (2005), quoting *People v Moore,* 470 Mich 56, 69 n 17; 679 NW2d 41 (2004), quoting *McEvoy v Sault Ste Marie,* 136 Mich 172, 178; 98 NW 1006 (1904). Additionally, there are no relevant "reliance" interests involved and overruling *Worrell* will not produce any "practical real-world dislocations." See *Robinson v Detroit,* 462 Mich 439, 466; 613 NW2d 307 (2000).

11

Defendant asserts that even if *Worrell* is overruled, the district court properly dismissed the charge against her because the evidence at most shows some preparation to commit a crime, but does not demonstrate an "overt act" with the intent to achieve sexual penetration. We disagree. As noted by Justice Boyle in her dissent, assault with intent to commit criminal sexual conduct involving sexual penetration can be distinguished from attempted third-degree criminal sexual conduct "by the proximity of the defendant to the completed act." *Id.* at 634-635. "[A]ssault with intent to commit criminal sexual conduct involving penetration is an attempt to commit third-degree criminal sexual conduct plus a greater degree of proximity." *Id.* at 635.

The evidence presented at the preliminary examination suggests that defendant, an employee of the facility, asked the complainant, a resident, whether he wanted her to perform fellatio on him after defendant sent another resident out of the room and closed the automatically locking door. Defendant then instructed the complainant to remove his pants, and the complainant unzipped and unbuttoned his pants at defendant's request. Defendant was observed by another employee bending over in front of the complainant less than two feet from him while the

complainant held up his unzipped, unbuttoned pants. The complainant testified that defendant was about to commit fellatio when the other employee walked into the room and that when the other employee entered the room, defendant pretended to put clothes in the washing machine. The evidence suggests that, but for the other employee entering the room, defendant would have completed the act. Further, the complainant was thirteen years old and could not legally consent to an act of fellatio. Thus, the evidence presented suggests more than mere preparation; it suggests a greater degree of proximity to the completed act.

Therefore, there was probable cause to believe that defendant committed assault with intent to commit criminal sexual conduct involving sexual penetration, and the Court of Appeals affirmance of the dismissal of the charge is reversed. This case is remanded to the circuit court with the instruction that the circuit court remand this case to the district court for proceedings consistent with this opinion.

> Elizabeth A. Weaver
> Clifford W. Taylor
> Maura D. Corrigan
> Robert P. Young, Jr.

S T A T E   O F   M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                                                    No. 126756

KIMBERLY STARKS,

    Defendant-Appellee.

_____

CAVANAGH, J. (*concurring*).

I agree with the majority that the prosecution presented sufficient evidence to bind defendant over on the charge of assault with intent to commit criminal sexual conduct (CSC) involving sexual penetration, MCL 750.520g(1). In my view, however, it is unnecessary to reach the issue whether the thirteen-year-old complainant *could* consent to the underlying act as a matter of law for purposes of MCL 750.520g(1), and therefore whether *People v Worrell*, 417 Mich 617; 340 NW2d 612 (1983), must now be overruled. Here, the prosecutor presented sufficient evidence demonstrating that the complainant *did not* consent to the underlying act. Therefore, the evidence was sufficient to bind defendant over on the charge of assault with intent to commit CSC involving sexual penetration.

Accordingly, the district court abused its discretion by not binding defendant over for trial.

A district court has a duty to bind a defendant over for trial if, at the conclusion of the preliminary examination, there is probable cause to believe that the defendant committed a felony. MCL 766.13. A district court's decision whether to bind a defendant over for trial is reviewed for an abuse of discretion. *People v Stone*, 463 Mich 558, 561; 621 NW2d 702 (2001).

Here, the evidence introduced at the preliminary examination showed that defendant was one of the complainant's supervisors in a youth detention program. Defendant was monitoring the complainant and another boy while the boys did their laundry. Using her position of authority, defendant ordered the other boy out of the room and arranged to be alone with the thirteen-year-old complainant in the locked laundry room.[1] Once alone, defendant asked the complainant if he wanted her to perform

---

[1] Defendant's coworker testified that the door to the laundry room was usually kept open while laundry was being done. But when the coworker later confronted defendant and the complainant in the laundry room, the door was closed.

fellatio on him.  The complainant did not respond.[2] Defendant then ordered the complainant to pull his pants down.  The complainant did as he was told.  As defendant was about to perform fellatio, defendant's coworker unlocked and opened the door, interrupting defendant.  The complainant testified that defendant then began cursing at him, pretending as if the complainant had done something to her, and also pretending that she was doing laundry.

After considering this evidence, the district court concluded there was not probable cause to believe that an assualt was committed, noting:

> Now, the question that is before this Court is was the complainant in fear, and there is no testimony on the record that he was placed in fear of any battery.  He pulled down his pants.

* * *

---

[2] [*The prosecutor*]: Okay.  Now when you say that she said do you want your private part sucked, is that the words that she used, or did she call it something else?

[*The complainant*]: She called it something else.

[*The prosecutor*]: What did she call it?

[*The complainant*]: She used the word private part as dick.

[*The prosecutor*]: Okay.  Did you answer her?

[*The complainant*]: No.

> The Court in this particular -- If this was a criminal sexual conduct first degree, the authority of the defendant would have been an element or a factor to take a CSC three to a CSC one. However, there is nothing on this record that he was placed in fear.
>
> A battery is a forceful violent touching of a person.
>
> The Court does not believe that the proofs have been established to show that there is probable cause that a crime was committed. There is no -- There is no evidence of the defendant [sic, the complainant] being placed in fear.

On the basis of the evidence presented, I would conclude that the district court abused its discretion by not binding defendant over for trial because there was probable cause to believe that defendant committed the crime of assault with intent to commit CSC involving sexual penetration.

The elements of assault with intent to commit CSC involving sexual penetration are (1) an assault and (2) an intent to commit CSC involving sexual penetration. *People v Nickens*, 470 Mich 622, 627; 685 NW2d 657 (2004). The first element, an assault, can occur in one of two ways. First, an assault can occur from an unlawful act that places another in reasonable apprehension of receiving an immediate battery (apprehension-type assault). Alternatively, an assault can occur from an attempt to commit a battery (attempted-battery assault). *Id*. at 628.

4

A "'battery is an intentional, *unconsented* and harmful or offensive touching of the person of another, or of something closely connected with the person.'" *Id*. (citation omitted; emphasis added). Generally, a battery does not occur when the recipient validly consents to the touching. *Id*. at 630.

Here, the prosecutor presented sufficient evidence that the complainant was placed in reasonable apprehension of receiving an immediate battery, i.e., an unconsented offensive touching, and, thus, there was probable cause to believe that defendant committed an apprehension-type assault. Moreover, even if the district court's conclusion that the complainant was not placed in fear is accorded great weight, there was still sufficient evidence that an attempted-battery assault nonetheless occurred. On the basis of the prosecutor's proffered evidence, there was probable cause to believe that the complainant did not consent and, thus, there was probable cause to believe that defendant committed an attempted-battery assault. Defendant used her position of authority to isolate the complainant and subsequently ordered him to remove his pants so that she could perform fellatio. In other words, there was probable cause to believe that the complainant's

5

compliance with his supervisor's order was not a manifestation of his consent.

Thus, I agree with the majority that the prosecution presented sufficient evidence to bind defendant over on the charge of assault with intent to commit CSC involving sexual penetration. However, I would not reach the issue whether the complainant could consent to the underlying act because, at the very least, there is probable cause to believe that the complainant did not consent to the act. Therefore, the district court abused its discretion by not binding defendant over for trial on the charge of assault with intent to commit CSC involving sexual penetration.

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman

6