# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JERRY TAYLOR,

Defendant-Appellant.

UNPUBLISHED
October 25, 2016

No. 328132
Wayne Circuit Court
LC No. 15-003018- FH

Before: GADOLA, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of domestic violence, MCL 750.81(2). Defendant was sentenced to 18 months' probation. For the reasons set forth in this opinion, we affirm.

On appeal, defendant contends that his conviction was against the great weight of the evidence. Defendant argues that given the lack of corroborating evidence and a lack of physical evidence that the victim was assaulted, his conviction should be reversed.

This Court reviews a great weight of the evidence challenge by determining whether "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008) (citation omitted). We review de novo a defendant's challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). In determining whether the prosecutor has presented sufficient evidence to support a conviction, this Court must review the evidence in the light most favorable to the prosecution and determine ' "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' " *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013), quoting *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (footnote omitted). The standard of review for a challenge to the sufficiency of the evidence is deferential and "this Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008) (citation omitted).

In this case, defendant was convicted of violating MCL 750.81(2), which states, in relevant part:

(2) Except as provided in subsection (3) or (4), an individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

To satisfy the elements of MCL 750.81(2), the prosecution was required to present evidence to establish "(1) the commission of an assault or an assault and battery and (2) a [spousal] relationship between" defendant and Taylor. *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011) (footnote omitted). While the issue of a spousal relationship is not contested, defendant challenges the fact that an assault or battery occurred. Our Supreme Court has set forth the definition of assault as "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005) (citation omitted). Further, our Supreme Court has defined a battery as "'an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person.' " *Id.*, quoting *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004).

Addressing defendant's great weight of the evidence argument, we find that defendant's argument regarding a lack of corroboration is merely a challenge to his spouse's credibility and therefore cannot form the basis for a reversal of his conviction. Our Supreme Court has stated that "to support a new trial, the witness testimony must 'contradict[] indisputable physical facts or laws,' be 'patently incredible or def[y] physical realities,' be 'so inherently implausible that it could not be believed by a reasonable juror,' or have been 'seriously impeached' in a case that was 'marked by uncertainties and discrepancies.' " *People v Lemmon*, 456 Mich 625, 636; 576 NW2d 129 (1988). Our review of the record evidence presented in this case does not lead us to conclude that the testimony of defendant's spouse was implausible or that it defied physical realties. Rather, the record reveals that defendant's spouse contended that defendant placed his hand around her neck while holding an unidentified object to her neck. She further testified that she was afraid that defendant was going to kill her. Defendant denied ever grabbing his spouse or threatening her. Although defendant's testimony contradicts the testimony of his spouse, the trial court believed the spouse's testimony. This Court has, on numerous occasions proclaimed that "issues of witness credibility are within the exclusive province of the trier of fact." *People v Bosca*, 310 Mich App 1, 13; 871 NW2d 307 (2015) (citation omitted). It was therefore left to the trier of fact as to which witness to believe. Once the trier of fact made clear that it was the spouse and not defendant's testimony that was believable, the evidence presented by the prosecution was sufficient for the trier of fact to find beyond a reasonable doubt that defendant put his spouse in "reasonable apprehension of receiving an immediate battery[,]" and subjected her to an "intentional, unconsented, and harmful or offensive touching" when he grabbed her neck and placed a sharp object against it. *Starks*, 473 Mich at 234 (citation omitted); *Nickens*, 470 Mich at 628 (citation omitted). Accordingly, defendant is not entitled to relief.

Defendant additionally argues that there was insufficient evidence of domestic violence because there was a lack of evidence of an injury to his spouse's neck. Defendant's argument is legally devoid of merit for several reasons. First, this Court has made clear that to prove a battery occurred the existence of an injury is not necessary. *Cameron*, 291 Mich App at 614.

Next, to the extent defendant is arguing that the testimony of his spouse was not believable, we have already held that this argument also lacks merit. Lastly, defendant again invites this Court to sit as the "13th juror," when reviewing the evidence, an invitation specifically rejected by our Supreme Court. *Lemmon*, 456 Mich at 636. Accordingly, for the reasons previously set forth in this opinion, defendant is not entitled to relief on this issue.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens