# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CHRISTIAN WILLIAM HESS,

       Defendant-Appellant.

UNPUBLISHED
January 19, 2017

No. 327890
Berrien Circuit Court
LC No. 2014-002613-FH

Before: SHAPIRO, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Defendant was convicted by a jury of accosting a minor for immoral purposes, MCL 750.145a. Defendant was sentenced to two days in jail and 60 months' probation. Defendant now appeals as of right. Because the evidence was sufficient to support defendant's conviction, we affirm.

According to the evidence introduced at trial, when defendant was 17 years old and a high school senior, he pursued a relationship with the 13-year-old victim, which culminated in an act of sexual intercourse between defendant and the victim. The jury convicted defendant of accosting a minor for immoral purposes.[1] On appeal, defendant's sole argument is that the evidence was insufficient to support his conviction. In particular, highlighting the evidence favorable to his position, defendant maintains that the decision to have sex was "mutual" and, because the victim willingly consented to the sexual penetration, the jury could not conclude that defendant accosted, enticed, or solicited the victim with the intent to induce her to submit to sexual intercourse or that he encouraged her to submit to an act of sexual intercourse. We disagree.

A challenge to the sufficiency of the evidence supporting a criminal conviction is reviewed de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). This Court considers the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the essential elements of the crime

---

[1] The jury returned a verdict of not guilty with respect to a charge of third-degree criminal sexual conduct.

-1-

beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). Because of the difficulty inherent in proving a defendant's state of mind, minimal circumstantial evidence will suffice to establish a defendant's intent. *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). "All conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

Defendant was convicted under MCL 750.145a. In relevant part, this provision states:

> A person who accosts, entices, or solicits a child less than 16 years of age . . . with the intent to induce or force that child . . . to commit an immoral act, to submit to an act of sexual intercourse or an act of gross indecency, or to any other act of depravity or delinquency, or who encourages a child less than 16 years of age . . . to engage in any of those acts is guilty of a felony . . . . [MCL 750.145a.]

Summarizing the elements of this offense, the Michigan Supreme Court has explained that the statute contemplates two alternative methods of accosting a minor for immoral purposes. *People v Kowalski*, 489 Mich 488, 498-499; 803 NW2d 200 (2011).

> Because the Legislature used the disjunctive term "or," it is clear that there are two ways to commit the crime of accosting a minor. A defendant is guilty of accosting a minor if the prosecution proves beyond a reasonable doubt that the defendant (1) accosted, enticed, or solicited (2) a child . . . (3) with the intent to induce or force that child to commit (4) a proscribed act. Alternatively, a defendant is guilty of accosting a minor if the prosecution proves beyond a reasonable doubt that the defendant (1) encouraged (2) a child . . . (3) to commit (4) a proscribed act. Taken as a whole, the statute permits conviction under two alternative theories, one that pertains to certain acts and requires a specific intent and another that pertains to encouragement only and is silent with respect to *mens rea*. [*Id*. (footnotes omitted.)]

In this case, the jury was instructed on both theories, and the evidence was sufficient to support defendant's conviction under either theory. The evidence showed that defendant cultivated a relationship with the 13-year-old victim over a period of months by frequent communication via text and social media as well as engaging in activities with the victim, such as driving her places, attending basketball games, and going to the mall. Defendant spent time alone with the victim, and twice he spent the night with her at a friend's house where their sleeping arrangements progressed from separate couches to sharing a bed. The victim testified that she loved defendant and that she thought their relationship was that of "girlfriend/boyfriend." However, during this time that defendant pursued the victim, he endeavored to keep the relationship a secret. For instance, he would drop the victim off at her house, but he never went in to meet with her family; and, on another occasion, he lied to the

victim's mother and told her that he would stop seeing the victim. Indeed, although the victim was repeatedly disciplined at home for seeing defendant, defendant continued to make plans to see the victim and to meet with her secretly when he knew she was not allowed to see him.

Most notably, after cultivating a relationship with the victim, the evidence shows that ultimately defendant induced and encouraged the victim to submit to sexual intercourse. On the night the sexual intercourse occurred, defendant arranged to meet with the victim in a school parking lot during a basketball game. He borrowed a friend's car keys so that they would have a place to go and he had a condom with him in the vehicle. Once in the vehicle, defendant and the victim talked and kissed. The victim specifically expressed reservations about her relationship with defendant, stating that she "wasn't supposed to be with him 'cause my parents said that it just . . . was not right." In response, defendant assured her that "it was okay and everything would work out when [she] turned 18." The encounter then turned from kissing to sex. Although the victim testified that the decision to have sex was "mutual," she also testified that defendant "asked" her to have sex and that, for her part, the victim "wasn't really sure because I didn't even know what - - I mean, I knew what sex was but, I didn't know." Despite her uncertainty, the victim "said yes,"[2] and they had sex. While having sex, the victim asked defendant to "stop because it hurt." Rather than stop, defendant persuaded the victim to continue, telling her that "if [they] kept going . . . it wouldn't hurt anymore." The victim agreed and they finished having sex. Following this encounter, there was some additional communication between defendant and the victim; but, he then began to "ignore" the victim and they stopped talking.

Overall, viewing the evidence in a light most favorable to the prosecution, the facts demonstrate that defendant undertook efforts to form a secret romantic relationship with the much-younger victim in the months leading up to the act of sexual intercourse and then, on the night in question, he allayed her misgivings about their relationship, he asked her to have sex, and he then urged her to continue having sex despite the pain she experienced during intercourse. It can reasonably be concluded from this evidence that defendant accosted, enticed, or solicited the victim with the specific intent to induce the victim to submit to sexual intercourse and that he

---

[2] Insofar as defendant suggests that the victim's "consent" somehow absolves him of criminal responsibility under MCL 750.145a, he is mistaken. Legally, a thirteen-year-old child cannot consent to sexual penetration with another person. *People v Starks*, 473 Mich 227, 235; 701 NW2d 136 (2005). And, in fact, "the Legislature has enacted the age-based . . . accosting statutes to protect children who are not capable of consenting to participate." *People v Gaines*, 306 Mich App 289, 309; 856 NW2d 222 (2014). Indeed, it is well-settled that children are uniquely vulnerable to persuasion and outside pressures, *JDB v N Carolina*, 564 US 261, 272; 131 S Ct 2394; 180 L Ed 2d 310 (2011), and MCL 750.145a is in fact designed to thwart predators who induce or encourage children to commit proscribed conduct, such as sexual intercourse. See *Kowalski*, 489 Mich at 500-501 (recognizing MCL 750.145a evinced the Legislature's intent to "criminalize a wide range of sexually predatory actions aimed at children"). Quite simply, a child's token "consent" to an act of sexual intercourse is not a defense to MCL 750.145a.

encouraged the victim to engage in an act of sexual intercourse. See MCL 750.145a; *Kowalski*, 489 Mich at 498-501. Thus, under either theory, the evidence was sufficient to support defendant's conviction for accosting a minor for immoral purpose under MCL 750.145a.

Affirmed.


/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto