# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GERALD DEVAN TARPLEY,

        Defendant-Appellant.

UNPUBLISHED
September 13, 2018

No.  337929
Wayne Circuit Court
LC No.  16-009218-01-FH

Before:  SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(c) (sexual penetration with knowledge that the victim was physically helpless).  The trial court sentenced defendant to 6 to 15 years' imprisonment, with credit for 150 days served in jail.  We affirm.

This case arises from a sexual encounter that occurred on October 8, 2016, between defendant and the victim, in Detroit, Michigan.  Defendant was eventually charged with two counts of CSC-III under multiple theories.[1]  The trial court, without objection from the prosecution, dismissed the theory under 750.520d(1)(b) (sexual penetration with the use of force or coercion), which left the prosecution to pursue the CSC-III charges using the theory under MCL 750.520d(1)(c) (sexual penetration with knowledge that the victim was physically helpless or mentally incapacitated or mentally incapable).  Defense counsel requested the instruction of consent be provided to the jury because there was a factual issue regarding whether the victim was awake and consented to the sexual contact.  The trial court declined to give the consent instruction based on the Use Note for M Crim JI 20.27.  The jury eventually convicted defendant as described above.  This appeal followed.

Defendant argues that the trial court abused its discretion by refusing to provide the special jury instruction regarding the defense of consent.  We disagree.

---

[1] Count 1 was based on finger into genital opening and Count 2 was based on cunnilingus.  Defendant was found not guilty on Count I.

-1-

"We review a claim of instructional error involving a question of law de novo, but we review the trial court's determination that a jury instruction applies to the facts of the case for an abuse of discretion." *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v Kosik*, 303 Mich App 146, 154; 841 NW2d 906 (2013). "The defendant bears the burden of establishing that the asserted instructional error resulted in a miscarriage of justice." *Dupree*, 486 Mich at 702.

"Jury instructions must include all the elements of the charged offense, and must not exclude material issues, defenses or theories if the evidence supports them." *Kosik*, 303 Mich App at 155. In determining whether there was an instructional error requiring reversal, this Court reviews the jury instructions in their entirety. *People v Heikkinen*, 250 Mich App 322, 327; 646 NW2d 190 (2002). If the instructions given fairly present the issues to be tried and sufficiently protect defendant's rights, there is no error requiring reversal. *Id*.

The trial court instructed the jury on the elements of CSC-III, including the definition of physically helpless. Defendant contends that the trial court erred in declining to give jury instructions on the defense of consent. Indeed, jury instructions must not exclude defenses if the evidence supports them. *Kosik*, 303 Mich App at 155. As this Court has long held, a consent defense instruction is available to a defendant if the prosecution proceeds on any of the force or coercion provisions of § 520b(1)(c). See *People v Vaughn*, 186 Mich App 376, 380; 465 NW2d 365 (1990); see also *People v Waltonen*, 272 Mich App 678, 689; 728 NW2d 881 (2006) ("In the context of the CSC statutes, consent can be utilized as a defense to negate the elements of force or coercion."). However, a consent defense is not available for a CSC-III charge pursuant to MCL 750.520d(1)(c) because consent requires a "willing, noncoerced act of sexual intimacy or intercourse between persons of sufficient age who are neither 'mentally defective', . . . 'mentally incapacitated', . . . nor 'physically helpless.' " *People v Bayer*, 279 Mich App 49, 67; 756 NW2d 242 (2008), vacated in part on other grounds 482 Mich 1000 (2008), quoting *People v Khan*, 80 Mich App 605, 619 n 5; 264 NW2d 360 (1978) (ellipses in *Bayer*). Consent requires that a person agree to a sexual act freely and willingly, whereas a person is physically helpless when the person is "physically unable to communicate unwillingness to an act," MCL 750.520a(m). Thus, consent cannot exist where a person meets the definition of being physically helpless because, by definition, such a person is not able to willingly agree to a sexual act.

That the consent defense is not available for a charge of CSC-III under the physically helpless theory is supported by the language of MCL 750.520d(1)(c), which "does not provide that it applies to 'nonconsenseual sexual penetration,' but rather it simply refers to 'sexual penetration.' " *Waltonen*, 272 Mich App at 690 (discussing MCL 720.520b(1)(c)).[2] In *Waltonen*, this Court stated that "[t]he statute leaves no room for consent." *Id*. at 690. When the Legislature's meaning is clearly expressed, this Court is required to enforce the statute as written. *Id*. at 685. Similarly, in *People v Starks*, 473 Mich 227, 235; 701 NW2d 136 (2005), the defendant was convicted of CSC-III under the theory that the defendant sexually penetrated the victim and the victim was at least 13 but younger than 16 years old, MCL 750.520d(1)(a). Based

---

[2] The language at issue is the same in both MCL 720.520b and MCL 720.520d.

on the language of MCL 750.520d(1)(a), the Michigan Supreme Court concluded that "a thirteen-year-old child cannot legally consent to sexual penetration with another person because sexual penetration of a thirteen-year-old child is *automatically* third-degree criminal sexual conduct." *Id.* (emphasis added).

Here, the theory of force or coercion was dismissed, and the prosecutor only pursued the CSC-III charges under the theory that defendant sexually penetrated the victim with the knowledge that the victim was physically helpless, MCL 750.520d(1)(c). Thus, the only disputed issue was whether the victim was physically helpless and, as discussed above, consent is not an applicable defense to a charge of CSC-III under the theory of physically helpless. See *Starks*, 473 Mich at 235; *Waltonen*, 272 Mich App at 690; *Khan*, 80 Mich App at 619 n 5. This conclusion is consistent with the Use Note for M Crim JI 20.27, which states, "[The consent instruction] is also obviously inappropriate where the victim is . . . physically helpless."[3]

Even if the consent instruction was applicable and should have been provided, there is no error requiring reversal in this case because the instructions given fairly presented the issues to be tried and sufficiently protected defendant's rights. See *Heikkinen*, 250 Mich App at 327. The instructions clearly stated that the prosecution had to prove each of the elements of MCL 750.520d(1)(c) beyond a reasonable doubt in order for the jury to find defendant guilty. One of those elements was that the victim was physically helpless. Based on the victim's testimony and defendant's statement, there was a factual dispute regarding whether the victim was asleep during the act. It is undisputed that if the jury found that she was asleep, then it would have necessarily found that she was physically helpless. Conversely, if the jury found that the victim was not asleep, then the prosecution's case would have failed because its only theory was that the victim was physically helpless. Indeed, evidence of consent was relevant to whether the victim was physically helpless. However, the omission of the consent instruction did not prevent the jury from finding that the victim consented and was therefore awake and not physically helpless because throughout trial, defendant was able to argue that the victim did indeed consent. If the jury believed that the victim had consented, then, by definition, it would have determined that the victim was awake and not physically helpless. The instructions that were provided fully protected defendant's rights because the jury was informed of the defense that was applicable to the case—that the victim was not physically helpless. See *Heikkinen*, 250 Mich App at 327. Therefore, defendant failed to meet his burden of establishing that the asserted instructional error resulted in a miscarriage of justice. See *Dupree*, 486 Mich at 702.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien

---

[3] We recognize that the Use Note is not binding legal authority, but we consider it here for its persuasive value and to provide context to defendant's assertions. See *People v Petrella*, 424 Mich 221, 277; 380 NW2d 11 (1985).