*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 19, 2020

v

HAKIM CARL RAMME,

Defendant-Appellant.

No. 344905
Washtenaw Circuit Court
LC No. 17-000588-FH

Before: O'BRIEN, P.J., and JANSEN and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of third-degree criminal sexual conduct (CSC-III), MCL 750.520d, and fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e, for sexually assaulting the young teenaged daughter of a close friend. Defendant contends that the trial court improperly permitted evidence that he had been convicted in 2008 for sexual acts with a 15-year-old girl. Defendant further challenges the scoring of his offense variables at sentencing. We affirm.

## I. BACKGROUND

Defendant is a close friend of the victim's mother and has known the victim her whole life. When defendant was approximately 40 years old and the victim was between the ages of 13 and 15, defendant engaged in a course of inappropriate conduct with the child. Defendant began having sexual conversations with the victim, told the victim that he had sexual fantasies about her, told the victim that he had once watched her shower, and often touched the victim in inappropriate ways. Two specific instances form the bases for defendant's convictions. During the first incident, the victim fell asleep on a loveseat in her living room while watching television with her family and defendant. After her family went to bed, defendant put his hand inside the victim's shorts and digitally penetrated her vagina. During the second incident, defendant "groped" the victim's breast while they were in his truck in front of her house.

-1-

## II. OTHER BAD ACTS

In addition to the victim's description of the charged acts, the prosecution presented evidence that defendant was convicted of criminal sexual conduct in 2008, for engaging in sexual acts with the 15-year-old sister of his ex-girlfriend. Defendant challenges the admission of this evidence at his trial.

We review for an abuse of discretion a trial court's admission of other-acts evidence. *People v McGhee*, 268 Mich App 600, 609; 709 NW2d 595 (2005). The prosecution supported admission of the subject evidence under MCL 768.27a(1), which provides, in relevant part:

> Notwithstanding [MCL 768.27], in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. . . .

"[E]vidence admissible pursuant to MCL 768.27a may nonetheless be excluded under MRE 403 if 'its probative value is substantially outweighed by the danger of unfair prejudice . . . .' " *People v Watkins*, 491 Mich 450, 481; 818 NW2d 296 (2012), quoting MRE 403.

Special consideration must be taken of prior acts evidence admissible under MCL 768.27a or else MRE 403 would essentially nullify the statute, as all such propensity evidence is highly prejudicial. *Watkins*, 491 Mich at 486. To this end, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect. That is, other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Id*. at 487.

> This does not mean, however, that other-acts evidence admissible under MCL 768.27a may never be excluded under MRE 403 as overly prejudicial. There are several considerations that may lead a court to exclude such evidence. These considerations include (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. This list of considerations is meant to be illustrative rather than exhaustive. [*Id*. at 487-488.]

Defendant contends that his prior conviction "was dissimilar from the charged offense" because the prior conviction concerned "voluntary" sexual conduct, whereas the current charged acts were nonconsensual. First and foremost, we note that a minor under the age of 16 "cannot legally consent to sexual penetration with another person." *People v Starks*, 473 Mich 227, 235; 701 NW2d 136 (2005). That defendant did not employ force to perpetrate sex acts upon his minor victim in 2008 does make the acts "voluntary." Second, the acts were similar enough to support admission. In both situations, defendant used his friendship with the minor victims' families to become involved in their lives. Through these familial relationships, defendant was able to make

the victims feel comfortable enough around him to gain private access—by "dating" the victim in 2008 and by taking the victim on rides alone in the current matter.

Defendant further asserts that the span of time between the two events ("and many intervening acts" that "necessarily occurred between them") weakens the probity of the prior acts evidence. The offenses were not committed far apart in time; they occurred only approximately six years apart. And defendant identifies no "intervening acts" that could have affected his propensity to commit the current charged acts.

Finally, defendant argues that the victim's testimony alone should have sufficed and that evidence of the prior conviction was unnecessary. We have recognized the need for testimony beyond the victim's when there are no eyewitnesses. See *People v Solloway*, 316 Mich App 174, 196; 891 NW2d 255 (2016). In this case, evidence that defendant "groomed" another young teenager corroborated the victim's testimony. Defendant is not entitled to relief in this regard.

## III. OFFENSE VARIABLES

Defendant challenges the scoring of 15 points for Offense Variable (OV) 8 and 15 points for OV 10. When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

Pursuant to MCL 777.38(1)(a), a court must assess 15 points for OV 8 when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." Asportation is not defined under the statute. However, a finding of asportation has been supported where "the victim was 'removed' to a location where the sexual assault was likely to be discovered, which rendered the location a 'place of greater danger' or 'a situation of greater danger.' " *People v Barrera*, 500 Mich 14, 22; 892 NW2d 789 (2017). "[M]ovement of a victim that is incidental to the commission of a crime . . . qualifies as asportation under OV 8." *Id*. See also *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014) ("A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others.").

In relation to the charge of CSC-I, defendant did not asport the victim to a place or situation of greater danger. Rather, the victim and defendant remained in place after the victim's family left the room and retired for the evening. It is possible that defendant may have asported the victim to a place or situation of greater danger when he assaulted her in his truck. However, when a defendant is sentenced to concurrent sentences, a sentencing information report need only be prepared for the crime of the highest crime class and not for the lesser offenses. See *People v Mack*, 265 Mich App 122, 127-128; 695 NW2d 342 (2005); MCL 771.14(2)(e). The trial court was required to score the guidelines for that sentencing offense alone, and could not look beyond those facts. See *People v McGraw*, 484 Mich 120, 133-134; 771 NW2d 655 (2009). Accordingly, the trial court erred in scoring OV 8.

However, the trial court did not err when it assessed 15 points for OV 10 (exploitation of a vulnerable victim). MCL 777.40(1)(a) provides for a 15-point score when "[p]redatory conduct was involved." " 'Predatory conduct' means preoffense conduct directed at a victim . . . for the primary purpose of victimization." MCL 777.40(3)(a). " 'Exploit' means to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). Defendant contends that as the victim was uncertain of the timeline of the various uncharged events, the prosecution could not support that these events were "preoffense," rather than postoffense, conduct. And if the prosecution could not establish that the acts occurred before the acts of criminal sexual conduct, the prosecution could not support its predatory, grooming theory.

"Grooming," i.e., "less intrusive and less highly sexualized forms of sexual touching, done for the purpose of desensitizing the victim to future sexual contact," is a form of predatory conduct supporting a score of 15 points for OV 10. *People v Steele*, 283 Mich App 472, 491-492; 769 NW2d 256 (2009). Grooming may also involve the purchase of gifts, special treatment, or the provision of taboo items like "alcohol, cigarettes, and pornography." *People v Waclawski*, 286 Mich App 634, 686; 780 NW2d 321 (2009).

Here, the victim testified that defendant drew her in by talking to her like an adult. She described that when she entered puberty, defendant's interactions with her turned "a little more sexual." Defendant told the victim that he had sexual fantasies and dreams about her. Defendant took the victim for rides in his truck so she could play "Pokémon Go" and he showed the victim a pornographic video on one such occasion. The victim further stated that defendant engaged in certain less offensive forms of touching as well, such as slapping or grabbing her butt. Although the victim could not remember the exact timing of these events, the evidence supported that that several of defendant's actions, which spanned a two to three-year period, amounted to a preoffense course of predatory conduct sufficient to support a 15-point score.

The trial court originally calculated defendant's total OV Score at 65 points, placing him in OV Level V. Subtracting the 15 points erroneously scored for OV 8 gives defendant a corrected total OV Score of 50 points. Defendant's total score remains in OV Level V and therefore the correction does not affect his recommended minimum sentencing guidelines range. Defendant is not entitled to resentencing under these circumstances. See MCL 777.63; see also *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required.").

We affirm.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Elizabeth L. Gleicher

-4-