# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 28, 2020

161838

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

STEPHEN MICHAEL BIESZKA,
      Defendant-Appellant.

SC:  161838
COA:  349349
Allegan CC:  16-019842-FC

_____/

On order of the Court, the application for leave to appeal the June 18, 2020 judgment of the Court of Appeals is considered.  We direct the Clerk to schedule oral argument on the application.  MCR 7.305(H)(1).

The appellant shall file a supplemental brief within 42 days of the date of this order addressing:  (1) whether the trial court clearly erred by determining that the defendant failed to prove by a preponderance of the evidence that the victim consented to the sexual acts at issue; and (2) whether the 14-year-old victim was legally capable of consenting to the sexual acts in any event.  See MCL 750.520d(1)(a) ("A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exist . . . (a) That other person is at least 13 years of age and under 16 years of age."); *People v Starks*, 473 Mich 227, 230, 235 (2005) ("[C]onsent must be given by one who is legally capable of giving consent to the act," and "[b]ecause a thirteen-year-old child cannot consent to sexual penetration, consent by such a victim is not a defense to the crime of assault with intent to commit criminal sexual conduct involving sexual penetration."); cf. MCL 28.722(w)(*iv*) ("This subparagraph does not apply if the court determines that the victim consented to the conduct constituting the violation, that the victim was at least 13 years of age but less than 16 years of age at the time of the offense, and that the individual is not more than 4 years older than the victim.").  In addition to the brief, the appellant shall electronically file an appendix conforming to MCR 7.312(D)(2).  In the brief, citations to the record must provide the appendix page numbers as required by MCR 7.312(B)(1).  The appellee shall file a supplemental brief within 21 days of being served with the appellant's brief. The appellee shall also electronically file an appendix, or in the alternative, stipulate to the use of the appendix filed by the appellant.  A reply, if any, must be filed by the appellant within 14 days of being served with the appellee's brief.  The parties should not submit mere restatements of their application papers.

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 28, 2020



Clerk

a1222