*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 15, 2024

Plaintiff-Appellee,

v

No. 365576
Wayne Circuit Court
LC No. 21-003118-01-FH

TYROME DARRELL WRIGHT,

Defendant-Appellant.

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO[*], JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82; and possession of a gun during the commission of a felony (felony-firearm), MCL 750.227b(2). We affirm.

## I. BACKGROUND

This case arose from defendant threatening the victim with a firearm. The assault occurred at defendant's home, where he lived with his long-term girlfriend, who is also the victim's mother. About 3:00 p.m., the victim arrived with her two brothers and her children at defendant's house to celebrate her mother's birthday. The victim had not been allowed in defendant's house because of past conflicts about her being disrespectful and taking things without asking. The victim was outside in the front of the house throughout most of the party. Toward the end of the party, the victim used the bathroom in defendant's house after her brother convinced her to do so rather than drive to a public one.

As the victim was leaving defendant's home, she walked through the living room where she saw defendant. She was surprised by him and continued to walk through the living room to the kitchen and out the back door onto the back deck. During this time, defendant was "raising hell the whole time," calling her names and swearing at her. Defendant remained in the doorway of the kitchen where he and the victim began to argue about her permission to be at the house. The arguing got heated and turned into yelling, and defendant went back into his home and returned to

---

[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

the doorway with a gun held at his side. Defendant told the victim "[y]ou come back in here I will put two in you and go onto prison because I am tired of this bull."

The victim's brother was in the back and stepped between defendant and the victim. Her other brother arrived from the front of the house shortly after to confront defendant. The victim's children were present during the altercation. The victim left defendant's house with her children and called the police.

At trial, the victim testified that she felt scared when defendant pulled the gun out because "[y]ou can't—you don't know how someone can act, you know." The victim also explained how she did not originally want to go into the home, but was told she had permission by her brother.

Defendant called the victim's mother as a witness to rebut the victim's testimony. The mother explained how the victim was not welcome because she was disrespectful, and the victim knew she was not allowed to enter the house. Defendant took the stand, but did not add to or contest much of what others had already testified. Defendant did not want the victim in his home, but he did not have any problem with her in the front yard of the house because "that's public sidewalk, I ain't [sic] got nothing to do with that." Defendant did not deny getting his gun during the altercation, but denied pointing it at the victim. The victim's brother was also called as a witness and corroborated defendant's testimony that he never pointed a gun at anyone.

Trial counsel did not request a jury instruction regarding defense of property. Defendant was convicted and sentenced as previously stated. This appeal followed.

## II. SUFFICIENCY OF EVIDENCE

Defendant argues that there was insufficient evidence presented to sustain his convictions because the prosecution failed to prove defendant was not defending his home from an intruder. This argument is without merit.

## A. STANDARD OF REVIEW

"This Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019). "In determining whether sufficient evidence exists to sustain a conviction, this Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018), quoting *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Lymon*, 342 Mich App 46, 56-57; 993 NW2d 24 (2022) (quotation marks and citations omitted).

## B. ANALYSIS

To convict someone of felonious assault, the prosecution must prove: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable

apprehension of an immediate battery." *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013) (quotation marks and citation omitted). "An assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Bass* 317 Mich App 241, 268-269; 893 NW2d 140 (2016), quoting *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

Defendant concedes on appeal that sufficient evidence existed for the jury to find all the elements of felonious assault and felony-firearm proved beyond a reasonable doubt. Indeed, defendant's own testimony established that he verbally confronted the victim, got into a heated argument with her, and got his gun because he was tired of the situation. The victim testified she felt afraid during the altercation. A reasonable juror could conclude the victim believed defendant could hurt her because he was armed with a gun while arguing with her and verbally threatening her.

However, defendant argues that the prosecution failed to prove that he was not defending his home. Defendant "has the burden of producing 'some evidence from which the jury can conclude that the essential elements of [the defense] are present.' " *People v Leffew*, 508 Mich 625, 644; 975 NW2d 896 (2022), quoting *People v Lemons*, 454 Mich 234, 246; 562 NW2d 447 (1997) (alteration in original). Defendant relies on Justice Markman's dissent in *People v Wafer*, 501 Mich 986; 907 NW2d 584, 586 (2018) (MARKMAN, J., dissenting). Justice Markman noted that the castle doctrine allows for deadly force when an assailant is trespassing in the home and has the intent to commit a felony. *Id*. at 591-594. Defendant argues that the victim here was an intruder in his home because she was not allowed to enter his home. Thus, the victim's entry into his home was an intrusion and is sufficient to authorize defendant to use deadly force to defend his home.

Although the Due Process Clause requires the prosecution to prove all of the elements of the charged offenses beyond a reasonable doubt, the Due Process Clause "does not require the prosecution to bear the burden of disproving beyond a reasonable doubt every fact constituting any and all affirmative defenses relating to the culpability of the accused." *People v Mette*, 243 Mich App 318, 326; 621 NW2d 713 (2000) (quotation marks and citation omitted). And, in this case, the jury was not instructed on defense of the home. Because the jury was not instructed on this defense, the jury made no factual findings with respect to defense of the home. With no factual findings, there is nothing for us to review with respect to this specific issue.[1] The appropriate challenge, in such circumstances, is to claim the instruction should have been requested by trial counsel and given to the jury, which will be addressed in Section III of this opinion. Accordingly, because the jury made no findings of fact regarding defendant defending his home, this challenge to the sufficiency of the evidence is without merit.

---

[1] As defendant notes in his appellate brief, his attorney asked the jury to acquit defendant because defendant had a right to defend his home from the victim's trespass, "but the instructions the judge gave, and with which counsel agreed, gave [the jury] no legal basis for doing so."

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that his trial counsel was ineffective for not requesting the jury instruction for defense of the home. We disagree.

### A. STANDARD OF REVIEW

Defendant did not preserve this claim of ineffective assistance of counsel by moving for a new trial or an evidentiary hearing in the trial court. See *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Unpreserved claims of ineffective assistance of counsel are reviewed for errors apparent on the record. *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008).

Criminal defendants are entitled to effective assistance of counsel through both the United States and Michigan Constitutions. *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023). To receive a new trial because of ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that that outcome would have been different." *Id.* (quotation marks and citation omitted).

### B. ANALYSIS

Defendant argues that his trial counsel was ineffective for failing to request the jury instruction regarding defense of the home. More specifically, defendant argues that if his trial court had requested the jury instruction M Crim JI 7.17, Use of Deadly Force in Defense of the Home, the jury could have acquitted him of the charges. The jury instruction states, in relevant part:

> (3) A person may use deadly force to defend [his/her] home where both of the following conditions exist:
>
> (a) First, at the time [he/she] acted, the defendant must have honestly and reasonably believed that the person whom [he/she] killed or injured used force to enter the defendant's home, or was forcibly attempting to enter the defendant's home, and had no right to enter [his/her] home. The use of any force may be sufficient, including opening a door or raising a window.
>
> (b) Second, at the time [he/she] acted, the defendant must have honestly and reasonably believed that the person whom [he/she] killed or injured intended to steal property from the home or do bodily injury to the defendant or someone else who was lawfully in the home, or intended to commit a sexual assault against the defendant or someone else who was lawfully in the home.
>
> If the defendant honestly and reasonably believed that both of those conditions existed, [he/she] could act immediately to defend [his/her] home even if it turned out later that [he/she] was wrong about those conditions. In deciding if the defendant's belief was honest and reasonable, you should consider all the circumstances as they appeared to the defendant at the time.

(4) At the time [he/she] acted, the defendant must have honestly and reasonably believed that what [he/she] did was immediately necessary. Under the law, a person may only use as much force as [he/she] thinks is necessary at the time to defend [his/her] home. . . . [M Crim JI 7.17.]

In this case, defendant did not use deadly force and only threatened deadly force by holding the handgun at his side. Further, the victim was not inside defendant's house at the time he threatened her and she was not attempting to enter defendant's house; therefore, defendant cannot establish the necessary conditions to assert this defense, i.e., conditions (3)(a) and (3)(b).

Defendant relies on the common-law defense of habitation, commonly referred to as the castle doctrine, in support of his argument. With respect to the castle doctrine, our Supreme Court has held:

It is universally accepted that retreat is not a factor in determining whether a defensive killing was necessary when it occurred in the accused's dwelling:

Regardless of any general theory to retreat as far as practicable before one can justify turning upon his assailant and taking life in self-defense, the law imposes no duty to retreat upon one who, free from fault in bringing on a difficulty, is attacked at or in his or her own dwelling or home. Upon the theory that a man's house is his castle, *and that he has a right to protect it and those within it from intrusion or attack*, the rule is practically universal that when a person is attacked in his own dwelling he may stand at bay and turn on and kill his assailant if this is apparently necessary to save his own life or to protect himself from great bodily harm.

[*People v Riddle*, 467 Mich 116, 134; 649 NW2d 30 (2002), quoting 40 Am Jur 2d, § 167, p 636 (emphasis in original).]

Defendant also relies on Justice Markman's dissent in *Wafer*, 501 Mich at 586. Again, Justice Markman noted that the castle doctrine allows for deadly force when an assailant is trespassing in the home and has the intent to commit a felony. *Id*. at 591-594. Defendant and the prosecution provided testimony establishing that the victim was not allowed in defendant's house and went into defendant's home knowing that she was not allowed to do so. Defendant contends that the victim's entry into his home was an intrusion and is sufficient to authorize defendant to threaten to use deadly force to defend his home.

Although the victim was an intruder when she used the bathroom in defendant's home, defendant actually threatened the victim when she was outside in the backyard of the house. Defendant testified that he stood in the doorway of his home while he argued with the victim who was outside. The castle doctrine defendant relies on applies exclusively to intrusions *inside* a home. *Riddle*, 467 Mich at 135. The Michigan Supreme Court refused to extend the castle doctrine beyond the inside of a home. *Id*. Defendant admits that the victim was outside his home when the altercation occurred. At that point, the victim was no longer an intruder, and defendant cannot rely on the castle doctrine. See *id*.

-5-

"A defendant asserting an affirmative defense must produce some evidence on all elements of the defense before the trial court is required to instruct the jury regarding the affirmative defense." *People v Crawford*, 232 Mich App 608, 620; 591 NW2d 669 (1998). Here, it is reasonable to assume trial counsel did not ask for the jury instruction for defense of the home because trial counsel was unable to establish all the elements for the affirmative defense. See *id*. Because there was no basis to request the jury instruction for defense of the home, "defendant's claim of ineffective assistance of counsel must fail because defense counsel is not required to make a meritless request or objection." *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro