*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TOMMIE CARL BRADFORD,

Defendant-Appellant.

UNPUBLISHED
April 16, 2019

No. 340333
Wayne Circuit Court
LC No. 17-002833-01-FH

Before: TUKEL, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of domestic violence, MCL 750.81(2).[1] Defendant was sentenced under the statute's second-offense provision, MCL 750.81(4), to one year in jail and two years' probation. We affirm defendant's conviction but remand for further elaboration on the trial court's assessment of court costs.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence to support his domestic violence conviction. We disagree.

"A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014).

MCL 750.81(2) states, in pertinent part:

---

[1] Defendant had been charged with aggravated domestic violence, MCL 750.81a(2), but was convicted of domestic violence, MCL 750.81(2), a lesser-included offense.

[A]n individual who assaults or assaults and batters . . . an individual with whom he or she has or has had a dating relationship . . . is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.[2]

Accordingly, a conviction for domestic violence requires "(1) the commission of an assault or an assault and battery" and (2) a pertinent relationship. *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011). "An assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*. (quotation marks and citation omitted).

Defendant argues that there was insufficient evidence of domestic violence because he was not in a dating relationship with Davis at the time of the assault, as their relationship had ended approximately two months prior to the assault. However, the dating-relationship element of domestic violence includes a *past* dating relationship. See MCL 750.81(2) (allowing for conviction as long as the defendant "has had a dating relationship" with the victim). Defendant and Davis both testified that they had been in a dating relationship prior to the assault. Therefore, there was sufficient evidence for the dating-relationship element of domestic violence.

Defendant next argues that there was insufficient evidence of an assault because Davis did not suffer any injury. However, defendant's argument is without merit, as there is no injury requirement in order to be convicted of domestic violence; instead, all that is necessary to prove the charge was that defendant assaulted or assaulted and battered Davis. See *Cameron*, 291 Mich App at 614 ("It does not matter whether the touching caused an injury."). Here, there was evidence to show that defendant assaulted or assaulted and battered Davis. She testified that while she was at the house with defendant, he grabbed her by the shirt collar, swung a hammer at her, grabbed her by the neck, choked her, held a hammer aloft while yelling at her, slapped and punched her, and hit her in the chest. Thus, viewed in the light most favorable to the prosecution, there was sufficient evidence to prove that defendant assaulted and battered Davis.[3]

---

[2] However, defendant was sentenced under the second-offense provision of MCL 750.81(4), which allows for "imprisonment for not more than 1 year or a fine of not more than $1,000, or both."

[3] Furthermore, although not needed to establish that defendant was guilty of domestic violence under MCL 750.81(2), the evidence *did* show that David sustained injuries. Davis's hospital records stated that she had a closed-head injury and bruising. And Frances Berry, the Desk Operation Service Officer with the Detroit Police who took Davis's report, testified that Davis had a swollen black eye, as well as bruises on her neck and chest. The prosecution also introduced a photograph of Davis, taken "a couple days after" her hospital visit, that showed the

In defendant's Standard 4 brief, he argues that there was insufficient evidence that Davis suffered a serious injury that required immediate medical treatment. However, defendant's statement of law is in reference to the charged offense of aggravated domestic violence, MCL 750.81a(2),[4] not the lesser-included offense of domestic violence, MCL 750.81(2), of which defendant was convicted. Because domestic violence does not require any injury, let alone a serious injury requiring immediate medical treatment, let alone any injury, defendant's argument is without merit.

Defendant also argues in his Standard 4 Brief that there was insufficient evidence to sustain his conviction because Davis fabricated the facts of the assault. Apart from defendant's version of events on the date of the assault, there is no evidence to support his assertion that Davis fabricated the assault. In reviewing a sufficiency claim, this Court is to resolve all conflicts in the evidence in favor of the prosecution. *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018). Additionally, "issues of witness credibility are matters for the jury and not this Court." *People v Railer*, 288 Mich App 213, 219; 792 NW2d 776 (2010). While Davis and defendant testified to different versions of the events on the day of the assault, the jury determined that Davis's testimony relating to the assault and battery was credible. Thus, defendant has not put forth any argument that would warrant reversing his conviction.

## II. COURT FEES

Defendant argues that the trial court erred when it failed to state the factual basis to support its imposition of $1,300 in court costs. We agree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant did not raise the issue in the trial court. Therefore, this issue is unpreserved, and our review is for plain error affecting substantial rights. *People v Perry*, 317 Mich App 589, 600; 895 NW2d 216 (2016). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

MCL 769.1k(1) states, in pertinent part:

(b) The court may impose any or all of the following:

(*i*) Any *fine* authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.

---

remnants of Davis's black eye. This evidence corroborated Davis's testimony about being battered by defendant.

[4] The jury acquitted defendant of this more serious charge.

(*ii*) Any *cost* authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.

(*iii*) Until October 17, 2020, any *cost* reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

      (A) Salaries and benefits for relevant court personnel.

      (B) Goods and services necessary for the operation of the court.

      (C) Necessary expenses for the operation and maintenance of court buildings and facilities.

[Emphasis added.]

Thus, for the trial court's imposition of court *costs* to be valid, they must arise under either MCL 769.1k(1)(b)(*ii*) or (*iii*). Defendant was convicted of domestic violence, MCL 750.81(2). The domestic violence statute does not authorize the imposition of court costs for purposes of MCL 769.1(k)(b)(*ii*). See MCL 750.81(2) (only authorizing imprisonment or a fine or both). Although the court costs could be authorized by MCL 769.1k(1)(b)(*iii*) as actual costs incurred by the trial court, the trial court failed to state the factual basis for the imposed costs. This Court has previously determined that "without a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*)." *People v Konopka (On Remand)*, 309 Mich App 345, 359-360; 869 NW2d 651 (2015). As in *Konopka*, the trial court here failed to state the factual basis for the court costs. Consequently, we cannot determine whether the costs were "reasonably related" to the trial court's actual costs. *Id*., citing MCL 7691k(1)(b)(*iii*). Even for unpreserved issues, defendants "should be given the opportunity to challenge the reasonableness of the costs imposed." *Konopka*, 309 Mich App at 360. Therefore, we remand to the trial court to establish the factual basis for the $1,300 in court costs imposed under MCL 769.1k(1)(b)(*iii*), or to alter the court costs if appropriate.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In defendant's Standard 4 brief, he argues that defense counsel did not provide effective assistance because defense counsel "stipulated" that defendant could not testify about his alibi and defense counsel did not object to the admission of the photograph that depicted Davis's injuries. We disagree.

Defendant did not move for a new trial or an evidentiary hearing; therefore, this issue is unpreserved. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). "Where claims of ineffective assistance of counsel have not been preserved, our review is limited to errors apparent on the record." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). The determination of whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and law. *People v Trakhtenberg*, 493 Mich 38, 47;

826 NW2d 136 (2012). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id*.

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). To succeed on a claim of ineffective assistance of counsel, "a defendant must establish that 'counsel's representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The question of whether counsel performed reasonably is "an objective one and requires the reviewing court to 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *Vaughn*, 491 Mich at 670, quoting *Strickland*, 466 US at 690. "To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant argues that defense counsel was ineffective for "stipulating" that defendant could not testify about his alibi for the day of the assault. Defendant does not provide a record citation to where defense counsel supposedly stipulated that defendant could not testify regarding his alibi, and a review of the record does not suggest that any such stipulation occurred. Defendant's failure to establish the factual predicate for his claim of ineffective assistance is fatal to the claim. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Furthermore, defendant's position is even more questionable because the record is clear that defendant did testify that he was at the Rosa Parks Transit Center the morning of the assault. Defendant also testified that he never went to the house with Davis. Instead, defendant stated that he spent most of the day travelling to and from an interview in Troy. Therefore, assuming there was a "stipulation" to not have defendant testify regarding any alibi, defendant cannot establish any prejudice because he was able to provide his alibi testimony notwithstanding any alleged stipulation.

Defendant next argues that defense counsel was ineffective for failing to object to the admission of a photograph that showed Davis's black eye because the photograph was not authenticated. "For the admission of a photograph, the only foundational requirement is the testimony of an individual, familiar with the scene photographed, that it accurately reflects the scene photographed." *People v Curry*, 175 Mich App 33, 47; 437 NW2d 310 (1989). Davis testified that her cousin took the photograph one or two days after the assault. Davis also stated that she was the person in the photograph and that the photograph fairly and accurately depicted her injuries the day that her cousin took the photograph. Therefore, the prosecution laid a proper foundation for the admission of the photograph, and defense counsel was not ineffective for failing to raise a meritless objection to the admission of the photograph. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant also claims that defense counsel was ineffective for failing to procure his bank records to show evidence of Davis's bounced checks. Defendant does not state the evidentiary value of the bank records or whether defense counsel knew about the bank records. "However,

[d]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, which we will not second-guess with the benefit of hindsight." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004) (quotation marks and citation omitted). Moreover, there is not a reasonable probability that the introduction of defendant's bank records would have resulted in an acquittal because the records were not relevant to the issue of assault. Therefore, defendant failed to show that defense counsel was ineffective for not obtaining his bank records.

## IV. PROSECUTORIAL ERROR

In defendant's ineffective assistance argument section in his Standard 4 brief, defendant avers that the prosecution erred by referring to the case as a "domestic violence" case and by failing to produce a hearing transcript. Generally, the test for granting a new trial is whether the prosecution's actions denied defendant a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). However, defendant's argument is unpreserved because he did not timely object or request a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Therefore, defendant's issue of prosecutorial error is reviewed for plain error affecting his substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008).

During the prosecution's opening statement, the prosecutor correctly stated that defendant was charged with "aggravated domestic violence." During the prosecution's closing argument, the prosecutor reiterated that defendant was charged with "aggravated domestic violence" and argued that the facts supported a conviction of the charge. Prosecutors are generally free to argue the evidence and all reasonable inferences arising from the evidence as it supports their theory of the case. *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008). The prosecutor's statements only referenced the charged offense of aggravated domestic violence and why the evidence supported a conviction for the charge. Defendant was not denied a fair trial by the prosecutor simply commenting on the charge and then arguing for a conviction for the charge.

Defendant also argues that the prosecution did not produce the preliminary examination transcript, in violation of MCR 6.201(A)(2). MCR 6.201(A)(2) states that "upon request," a party must provide "any written or recorded statement, including electronically recorded statements, pertaining to the case by a lay witness whom the party may call at trial." At the outset, defendant does not allege that he requested the prosecution to produce the transcript, and the record does not indicate that such a request was made. Thus, without this request, there can be no violation of MCR 6.201(A)(2). Moreover, defendant did receive the transcript of the preliminary examination. The trial court ordered the production of the preliminary examination transcript, see MCL 766.15(2), a week after the examination was conducted, and it is clear from the record that defendant received a copy of the transcript. During trial, defense counsel attempted to impeach Davis's trial testimony multiple times by quoting her statements made at

the preliminary examination.    Therefore, defendant has failed to show that there was any prosecutorial error regarding the production of the preliminary examination transcript.[5]

We affirm defendant's conviction but remand to allow the trial court to provide a factual basis for the imposition of the court costs.  We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly

---

[5] Further, to the extent defendant's argument could be viewed as a due-process challenge, see *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963), that challenge also fails because, with defendant receiving the transcript, it is clear that the transcript was not suppressed or withheld, see *People v Dimambro*, 318 Mich App 204, 212; 897 NW2d 233 (2016) (stating that one of the elements in a *Brady* due-process claim is that the evidence must have been suppressed by the government).